IN RE ESTATE OF HATTIE L. DOWELL, DECEASED. THE COUNTY OF RICHARDSON, NEBRASKA, APPELLANT, V. LUELLA D. STALDER ET AL., APPELLEES.

31 N. W. 2d 745

Filed April 8, 1948. No. 32392.

*Bayard T. Clark, Joseph C. Reavis, Walter R. Johnson,* Attorney General, and *Homer L. Kyle,* for appellant.

*Wiltse & Wiltse,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Richardson County allowing the exemption of $10,000 in the assessment of an inheritance tax as provided in section 77-2004, R. S. 1943.

The evidence shows that Hattie L. Dowell died on April 26, 1946, leaving a will by which Luella D. Stalder inherited the sum of $13,127. It is established by the evidence that the mother of Luella D. Stalder died when the latter was approximately three years of age. Immediately thereafter Luella D. Stalder was taken into the home of her paternal uncle, M. L. Dowell, where she resided with her uncle and his wife, Hattie L. Dowell. She was treated as a daughter from that time onward and she thereafter treated the Dowells as her parents. She remained in the home of the Dowells until she married at the age of 28. The relationship continued until the time of the death of Hattie L. Dowell. The evidence is clear that for more than ten years before her death Hattie L. Dowell stood in loco parentis to Luella D. Stalder.

The record shows that Luella D. Stalder inherited an estate from her mother which was used in part for her support. Her father, J. W. Dowell, is still living and is reputed to be a man of some means. It is assumed by the appellant that Luella D. Stalder received

an exemption of $10,000 under section 77-2004, R. S. 1943, in her mother's estate and that she will be entitled to another $10,000 exemption in her father's estate at the time of his decease. It is argued that this precludes the allowance of the exemption under the terms of the statute in the present case. The trial court allowed the exemption and the county has appealed.

The statute provides in part: "When the beneficial interest to any property or income therefrom shall pass to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of the son, or husband of the daughter, or any child or children adopted as such in conformity with the laws of the State of Nebraska, or to any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent, or to any lineal descendant born in lawful wedlock, in every such case the rate of tax shall be one dollar on every one hundred dollars * * * in excess of ten thousand dollars received by each person."

The foregoing provision contemplates that persons falling within three classes are to be considered within the parental relation for the purposes of the inheritance tax law. The first is the actual relationship of parent and child, the second is the relationship created by adoption proceedings, and the third embraces any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent. It is the latter provision only that claims our attention in the present case.

It is the contention of the appellant that the provision with which we are here concerned applies only to illegitimate children and that it should be so interpreted. Such an interpretation would exclude one standing in loco parentis and leave within this class illegitimate children only whose relationship had been acknowledged for a period of ten years. The statute as written clearly intends no such meaning.

The inheritance tax statute, section 77-2004, R. S. 1943, was enacted in 1901. It must be presumed that the Legislature knew of the existence of section 30-109, R. S. 1943, which became a part of the statutes when the state entered the union in 1867. By this latter statute, a child born out of wedlock is an heir of the person who acknowledges in writing that he is the father of such child. Construing the two sections together, it would appear that a child acknowledged as provided in section 30-109, R. S. 1943, would fall within the first classification, rather than the third. If the statute be interpreted in accordance with appellant's views, we can see no reason for excluding illegitimate children who have been acknowledged in writing during the first ten years of their lives or within ten years of the death of the acknowledged father. If, as contended, the provision under discussion was intended to benefit illegitimate children only, it would be most unjust to exclude some acknowledged illegitimate children while including others. We do not think this was the legislative intent. If it had been the intention of the Legislature to restrict the third named classification to acknowledged illegitimate children, it would have been a simple matter to have expressly so stated.

The use of the words "any person to whom the deceased * * * stood in the acknowledged relation of a parent" indicates that its provisions were not limited to illegitimate children or even to blood relatives. It was clearly the intention of the Legislature to include any person including unacknowledged illegitimate children within the scope of the exemption if it could be established that an acknowledged relationship of parent and child existed over a period of ten years or more. Relationship by blood is not made a condition to the existence of the relationship of parent and child as the term is used in the statute. To confine the meaning of the words "any person" to natural children is not in accord with the evident legislative intent. Persons

standing in loco parentis for ten years prior to death are within the intent and scope of the provision. This construction of the statute has been generally adopted by the courts of the state of New York from which state our statute was taken. Matter of Beach, 154 N. Y. 242, 48 N. E. 516; In re Spencer's Estate, 1 Conn. Surr. (N. Y.) 208, 4 N. Y. S. 395; In re Capron's Estate, 30 N. Y. St. Rep. 948, 10 N. Y. S. 23.

In the absence of an express contrary intention, the adoption of a statutory provision from another state ordinarily carries with it the construction placed upon it by the courts of such other state. First Trust Co. v. Smith, 134 Neb. 84, 277 N. W. 762. In applying this rule of construction, we find support for the interpretation we have announced.

The appellant argues that an exemption from each of two parents is all that was intended. No such meaning can be obtained from a reading of the act. If such a limitation is in the public interest, it is a matter for the Legislature and not the courts.

AFFIRMED.