GROSS INCOME TAX DIVISION *v.* NATIONAL BANK & TRUST CO., ETC., ET AL.

[No. 28,362. Filed June 2, 1948.]

294

*Cleon H. Foust,* Attorney General, *John J. McShane, Eugene M. Fife, Jr.,* and *Lloyd C. Hutchinson,* Deputy Attorneys General, for appellant.

*Jones, Obenchain & Butler* and *John Degnan,* all of South Bend, for appellees.

O'MALLEY, J.—The appellees are either trustees of or the beneficiary under trusts created by the terms of the wills of Robert P. Milton and Clara I. Milton, both deceased. The Gross Income Tax Division claimed certain amounts of tax due on transactions by the executors and trustees. Reports were filed and the tax was paid and then a claim for refund was filed with the division. The allowance of the refund was refused and an action was commenced to recover the amount claimed with interest from the time of payment. The action was filed in Superior Court No. 1 of St. Joseph County, and one paragraph of the complaint requested instructions from the court in an effort to have the court enter a declaratory judgment relieving the trustees from the necessity of filing reports with or paying a tax to the Gross Income Tax Division. To this paragraph of complaint asking for instructions, a demurrer was filed and on May 22, 1946, the demurrer was sustained. The appellees then refused to plead further and judgment was entered on this paragraph of complaint to the effect that plaintiffs take nothing and that defendant recover its costs.

The assignment of cross-errors, in which the sustaining of the demurrer to the first paragraph of complaint is asserted as an independent assignment of error, was filed in this court on September 18, 1947. The rules of this court, for the taking of appeals, allow 90 days from the date of a judgment or the overruling of a motion for a new trial in which to file a transcript and assignment of errors. Rule 2-2 of the Supreme Court of Indiana.

In the case of *Home Electric Light and Power Co. v. Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191, it is said that:

" 'A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination.' "

In the case of *Klever* v. *Seawall* (1894), 65 F. 373, 377, 12 C. C. A. 653, 657, Justice Taft speaking for the Sixth Circuit Court of Appeals made the following statement:

"The amended petition united three causes of action—First, a suit for recovery of the possession of land; second, an action for trespass for mesne profits; and, third, an action for partition. The judgment entered December 16, 1891, found for the plaintiffs on the first cause of action, and adjudged that they were entitled to the possession of the undivided one-third interest sued for, and awarded the costs on that issue. This was, so far as the first cause of action was concerned, a final judgment. . . . As the judgment of December 16, 1891, adjudging title and right of possession in plaintiffs, was a final judgment, the time within which a writ of error could be brought to review it began to run from that date, and expired six months thereafter. The writ of error in this case was not sued out until August 28, 1893. We have no power, therefore, to review the correctness of that judgment, and the first assignment, which seeks to have us do so, cannot be sustained."

Black on Judgments (2d Ed.), Vol. 1, § 24, pp. 37, 38, states in effect, that the general rule, that all issues in a cause must be adjudicated before the judgment is final, does not apply "where several distinct causes of action are united in the same suit . . . ."

Elliott on Appellate Procedure, § 99, p. 79, states that where the case is one of a class where the judg-

ment is final as to the particular issues, and such issues do not affect the issues in the main suit, the judgment is final and appealable as such. This class of cases form an exception to the general rule, but the exception is more apparent than real. See *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 196 N. E. 129.

In the instant case the first paragraph of complaint requested declaratory relief by way of instructions as to the future conduct of the trustees. The second paragraph of complaint requested a judgment for taxes claimed to have been illegally collected from the trustees. The cause of action in the one was in no way related to the cause of action stated in the other. There were two distinct causes of action and, therefore, we are constrained to hold that the claimed error in sustaining the demurrer cannot be considered in this appeal because the time for appealing from the ruling on the demurrer had passed long before the filing of the appeal in this cause.

The appellees have raised two other questions which necessitate a construction of parts of the Gross Income Tax Act.

Section 64-2606, Burns' 1943 Replacement, sets forth what is exempt from the provisions of the act. The part of this particular section with which we are concerned is as follows:

"There shall be excepted from the gross income taxable under this act:

". . . .

"(i) Amounts received by institutions, trusts, groups and bodies organized and operated exclusively for religious, charitable, scientific, fraternal educational, social and/or civic purposes and not for private benefit, as contributions . . . ., or receipts from, sales of intangible property owned by them: . . . Provided, further, That it is not the intention.

by the foregoing language to exclude any gross income from taxation under this subsection except as is specifically set out herein."

It is claimed that the intent of the legislature was to include tangible property. However, the latter part of the section specifically limits exemptions or exceptions from the effects of the act only if set forth therein.

While tax acts are generally construed in favor of the taxpayer, where there is an ambiguity in an exemption statute, that statute must be construed strictly against the one claiming the exemption. *Storen* v. *Jasper County Farm Bur. Co-op. Assn.* (1936), 103 Ind. App. 77, 79, 2 N. E. 2d 432, 433. However, the statute under discussion seems to be very clear in its declaration of intent.

We do not believe the court erred in refusing to extend the exceptions in the above section of the statute so as to include tangible property.

The other question on the merits involves two sections of the act. Section 64-2611, Burns' 1943 Replacement, provides for refunds and uses the following language:

"(b) . . . Any amount recovered by suit by any taxpayer as provided in section 14 (Sec. 64-2614) of this act shall be refunded in like manner, but the refund shall be accompanied by a copy of the order or decree of the court. Any refund paid under the terms hereof shall bear interest at the rate of three (3) per cent per annum from the date of overpayment until the date the refund was allowed."

In § 64-2614, Burns' 1943 Replacement, provisions for filing claims and securing refunds are made. It likewise places limits on actions to recover when a refund is refused. It prohibits the delay of collecting by injunction or otherwise and makes the method set

forth the exclusive one for testing the rights of the taxpayer. This section also refers to § 64-2611 (b), Burns' 1943 Replacement, and states that its provisions shall be subject to the terms and provisions of § 64-2611 (b), Burns' 1943 Replacement, from which we have quoted above.

From the above sections we are constrained to hold that the lower court did not err in allowing three per cent on the amount recovered. Section 19-2002, Burns' 1933, is not applicable to this particular situation. No authority is cited to sustain the position of the appellees on this point.

For the reasons given, the judgment of the lower court is affirmed.

Emmert, J., not participating.

NOTE.—Reported in 79 N. E. 2d 651.