

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 18, 1950

Hon. Robt. S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. V-1005.

Re: Effect of order of Nebraska
County Court classifying
foster children for inherit-
ance tax purposes.

From your letter of January 31, 1950 and the file attached thereto we have gathered the following facts.

Mrs. Margaret Naumann Taylor was six and her brother, Walter R. Naumann, was thirteen when their mother died, and their uncle, E. H. Naumann, brought them from Germany to Nebraska. Mr. Naumann and his wife reared the two children, and they "were held out as the children of Mr. and Mrs. E. H. Naumann, all in the State of Nebraska." E. H. Naumann died a resident of Hidalgo County, Texas, on May 10, 1948. By the terms of his will, he devised the bulk of his estate to his niece and nephew.

You request that we advise you as to whether Mrs. Taylor and Mr. Naumann should be given Class A (Art. 7118) or Class C (Art. 7120) classification for inheritance tax purposes. To come within Class A, Mrs. Taylor and Mr. Naumann would have to come within the provision for "legally adopted child or children" of the decedent. Class C specifically provides for nieces and nephews by including "a direct lineal descendant of a brother or sister."

At the time of his death E. H. Naumann owned property in the State of Nebraska. The County Court of Platte County, Nebraska has entered an order assessing the inheritance taxes due under the Nebraska statutes. The attorneys for the estate have advanced the following proposition:

"In an Opinion by the County Court of Platte County, Nebraska, a copy of which is attached hereto, it was held that these two children were adopted children of E. H. Naumann under the provisions of Section 77-2004, Revised Statutes of 1943, of the State of Nebraska, and under the holding of the Supreme Court of Nebraska in re Dowell's Estate, Richardson County vs. Stalder, et al, 31 N. W. (2d) 745.

"It is our contention that the relationship of the adopted children was established in the State of Nebraska in accordance with the laws of the State of Nebraska, and that they are, therefore, entitled to inheritance under the laws of the State of Texas as adopted children. That this is in accordance with the Opinion of the Commission of Appeals of Texas, Section B, adopted by the Supreme Court of Texas in Martinez, et al, vs. Gutierrez, et al, reported in 66 S.W. (2d) 678."

The following are excerpts from the Nebraska court order assessing inheritance taxes.

"I find by the terms of the Will . . . there was devised and bequeathed to the niece and the nephew of the Deceased, Margaret Taylor (nee Naumann) and Walter R. Naumann, . . . /certain/ real estate . . . subject to the life estate of Clara Naumann; that the total value received by . . . Margaret Taylor . . . and . . . Walter R. Naumann is $18,251.05 to each, that Margaret Taylor . . . and Walter R. Naumann were in fact niece and nephew, respectively, of the said Decedent, E. H. Naumann, but that the said niece and nephew were persons to whom the Deceased for not less than ten years prior to death stood in the acknowledged relation of a parent and that each is entitled to an exemption of $10,000.00, and that after deducting such exemption from each inheritance, the sum of $8,251.05 is subject to an inheritance tax in the amount of $82.51 for Margaret Taylor . . . and $82.51 for Walter R. Naumann.

" . . .

"IT IS THEREFORE ORDERED and I hereby assess a tax on the said right of succession of Margaret Taylor (nee Naumann), niece of the Deceased, in the sum of $82.51; and it is further ordered and I hereby assess a tax on the said right of succession of Walter R. Naumann, nephew of the Deceased, in the sum of $82.51; . . . " (Emphasis added.)

The facts before the court in In re Dowell's Estate are given at page 746 of the opinion. We quote the following excerpt therefrom:

"The evidence shows that Hattie L. Dowell died on April 26, 1946, leaving a will by which Luella D. Stalder inherited the sum of $13,127. It is established

by the evidence that the mother of Luella D. Stalder
died when the latter was approximately three years of
age. Immediately thereafter Luella D. Stalder was
taken into the home of her paternal uncle, M. L. Dow-
ell, where she resided with her uncle and his wife,
Hattie L. Dowell. She was treated as a daughter from
that time onward and she thereafter treated the Dow-
ells as her parents. She remained in the home of the
Dowells until she married at the age of 28. The rela-
tionship continued until the time of the death of Hattie
L. Dowell."

The lower court had allowed an exemption of $10,000
in assessing the inheritance tax as provided in Section 77-2004
(R.S. 1943) of the Nebraska statute. That section reads in part as
follows:

"When the beneficial interest to any property or
income therefrom shall pass to or for the use of any
father, mother, husband, wife, child, brother, sister,
wife or widow of the son, or husband of the daughter,
or any child or children adopted as such in conformity
with the laws of the State of Nebraska, or to any per-
son to whom the deceased for not less than ten years
prior to death stood in the acknowledged relation of a
parent, or to any lineal descendant born in lawful wed-
lock, in every such case the rate of tax shall be one dol-
lar on every one hundred dollars * * * in excess of ten
thousand dollars received by each person." (Emphasis
added.)

It was argued that the fact that Luella D. Stalder pre-
sumably received a $10,000 exemption under the above quoted
section in her mother's estate and that she would be entitled to an-
other $10,000 exemption in her father's estate at the time of his
decease precluded the allowance of the exemption in the case under
consideration. In support of this argument it was urged that the ap-
plication of the provision relating to persons to whom the deceased
for not less than ten years prior to death stood in the acknowledged
relation of a parent applied only to illegitimate children. The court
refuted this contention, pointing out that it was inconsistent with
other specific Nebraska statutes relating to the status of illegiti-
mate children, and further stating that had it been the legislative
intent to so restrict the meaning of this portion of the statute, it
would have been a simple matter to have expressly so stated. Like-
wise, the court refused to limit possible exemptions to exemptions
from each of two parents, saying that such limitation must come
from the Legislature, not the courts.

We think the above summaries disclose that neither the order of the County Court of Platte County nor the decision in In re Dowell's Estate purports to give the beneficiaries the status of adopted children of the decedent. In neither is anyone declared to be an adopted child of the deceased foster parent. In both the beneficiary is simply declared to come within the applicable classification of the Nebraska statute, that is, within that provision which allows the most favorable classification "to any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent." Class A (Art. 7118) contains no similar provision for foster children. Moreover the provision for adopted children is expressly limited to "legally adopted" children. Opinion No. O-5457 of this office construed this phrase as meaning children adopted in compliance with the adoption statutes in force and effect at the date of the alleged adoption. Under this construction, even if the facts presented were sufficient to warrant the conclusion that an adoption or adoptions by estoppel had been accomplished, such conclusion would still not satisfy the statutory requisite of "legal" adoption. Therefore neither Mrs. Taylor nor Mr. Naumann can be given Class A classification but must be classified under Class C (Art. 7120).

## SUMMARY

Order of Nebraska County Court, assessing inheritance taxes and finding niece and nephew of decedent were persons to whom decedent for not less than ten years prior to death stood in the acknowledged relation of a parent, does not give the niece and nephew the status of adopted children of the decedent. Said niece and nephew cannot be given Class A (Art. 7118, V.C.S.) classification for inheritance tax purposes, but must be classified under Class C (Art. 7120, V.C.S.).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By Marietta McGregor Creel
Mrs. Marietta McGregor Creel
Assistant

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

MMC/mwb