SEANEY, EXECUTOR, ETC. *v.* AYRES ET AL.

[No. 29,470.  Filed June 19, 1958.  Rehearing denied
September 30, 1958.]

494

*Paul R. Benson,* of New Castle, *R. Stanley Lawton, Alan H. Lobley,* and *Ross, McCord, Ice & Miller,* all of Indianapolis, of counsel, for appellant.

*Robert D. Armstrong, Arthur L. Gilliom, Elbert R. Gilliom* and *Richard L. Gilliom,* all of Indianapolis, for appellees.

LANDIS, J.—Appellant as executor of the estate of Arthur B. Ayres, deceased, filed in the Probate Court of Marion County a pleading entitled "Petition for Judgment Against Claimants" in which appellant sought summary relief for appellees' alleged contempt of court. Appellees in such petition were charged with interfering with the administration of said estate by conspiring to reduce its assets for appellees' benefit by filing a fictitious lawsuit against Eastern Indiana Gas Company and procuring the appointment of a receiver of said gas company, which was a corporation in which the estate owned stock. In the prayer for relief of the above "Petition for Judgment Against Claimants" appellant asked that appellees be directed to appear and show cause why judgment should not be entered against them for $21,033.16 ($10,516.58 actual damages and $10,516.58 punitive damages), plus reasonable fees for appellant and his attorneys.

The court below issued the rule to show cause against appellants, reciting the same showed prima facie liability to said estate by appellees and directing them to show cause why they should not pay appellant $21,-

033.16 and attorneys' fees. Thereafter, the court, on appellees' motion, set aside and vacated the order to show cause and ordered appellant's petition transferred to the civil docket of the probate court and docketed separately as a complaint in a civil cause. Appellant sought to set aside and vacate this last order of the court and to file an amended petition. The court refused to set aside its last order and to allow appellant to file an amended petition.

Appellant has appealed from such ruling to this court.

Appellee has filed motion to dismiss the appeal taken by appellant, contending the ruling of the court below (1) was not an interlocutory order from which an appeal could be taken and (2) was not an appealable final judgment.

Appellant has conceded that the ruling of the court below was not an interlocutory order from which an appeal can be taken,[1] and we shall not, therefore, belabor this opinion with a discussion of that point.

As to whether the ruling is an appealable final judgment, appellees contend the judgment below must finally dispose of and adjudicate appellant's cause of action or at least a distinct or definite branch thereof (Citing: *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783, and *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344), which appellees state it does not do. Appellant contends the net effect of the ruling was to terminate between the parties all the issues of the case made out by the petition seeking relief in civil contempt.

---

1. The only interlocutory orders or decrees which are appealable are set out in Burns' §2-3218 (1946 Replacement), being Acts 1921, ch. 251, §1, p. 741, and appellant concedes this is not one of them.

Appellant cites *Guthrie* v. *Blakely et al.* (1955), 234 Ind. 167, 125 N. E. 2d 437, and *Gross Income Tax Div.* v. *National Bank* (1948), 226 Ind. 293, 79 N. E. 2d 651, in support of its contention that this case is one in which the judgment disposed of a distinct and definite branch of the litigation. However, an examination of the facts of those cases indicates they are not comparable to the case at bar.[2]

The *Guthrie Case, supra,* was a suit to quiet title to which defendants filed several paragraphs of answer. Plaintiff filed reply to the answers and defendant demurred to the reply, which demurrer was sustained. On plaintiff's refusal to plead further, it was ordered and adjudged that plaintiff take nothing by her complaint, and that defendants recover their costs. The court properly held this was a final judgment from which an appeal could be taken although no separate issue was made as to a temporary injunction asked for in the complaint. The court observed that a judgment may be final and appealable even if it does not dispose of all the issues, provided it disposes of a distinct and definite branch of the litigation.

In the *Gross Income Case, supra* (226 Ind. 293, 296, 79 N. E. 2d 651, 652), the court held in an action

2. Appellant also cites as a supplemental authority the federal case of *Lamb* v. *Cramer* (1932), 285 U. S. 217, 76 L. Ed. 715, 52 S. Ct. 315, but the facts there appearing are clearly distinguishable from the case at bar. There a petition for contempt against a lawyer was filed ancillary to a suit to set aside fraudulent conveyances allegedly made by his clients. The erroneous dismissal of the contempt petition was there held appealable as the Supreme Court observed: "The decree of the District Court, dismissing the petition, finally adjudicated the rights asserted by it." In the case before us, the ruling of the court did not finally dispose of appellant's petition for judgment of $21,033.16, etc., but instead it was transferred to the civil docket where it is still pending.

brought in two paragraphs which were two distinct causes of action, and in which a demurrer was sustained to one paragraph and judgment rendered on plaintiff's refusal to plead over, there was an appealable final judgment although the other paragraph was pending in the court below. The court quoted from *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1895), 145 Ind. 174, 175, 44 N. E. 191, as follows:

> " 'A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination.' 12 Am. and Eng. Ency. of Law, p. 63, and cases cited; 1 Black. Judg., sections 21, 31, 46; *Thomas, Admr.* v. *Chicago, etc. R. W. Co.*, 139 Ind. 462; *Needham* v. *Gillaspy*, 49 Ind. 245."

Did the lower court in the case before us, when it set aside and vacated the order to show cause and ordered appellant's petition transferred to the civil docket of said probate court and docketed separately, render a judgment determining "the rights of the parties in the suit, or a distinct . . . branch of it, and reserve(s) no further question or direction for future determination"? Not only was the terminology of a judgment not used, but the sole relief sought under appellant's petition, to-wit: a judgment for $21,033.16, plus attorneys' and executor's fees, was not in any respect considered or adjudicated in the cause. Appellant's petition is still pending in the court below, and so far as this court on appeal can know, will still be determined on the merits. The vacating of the order to show cause and transferring the cause to the civil docket of the court was a mere procedural step taken, and we are unable to say that it was a final determination of the case or of a distinct branch thereof

as reserved no further question or direction for future determination.

It is readily apparent that it is in the interest of the early determination of lawsuits that orderly processes of trials be not unnecessarily interrupted by the taking of needless appeals.

Limitations on the right of taking appeals are generally imposed by statute because of the policy that litigation should not proceed piecemeal, that limitless intermediate appeals would unduly delay the final disposition of litigation, and that a complete disposition of the matter in the trial court may make an appeal moot.[3]

The ruling of the trial court not being a final judgment, appellees' motion to dismiss the appeal is sustained and the appeal dismissed.

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 295.

--------------------------------------------------------

3. See: 4 C. J. S. (Appeal and Error), §92.