EARLE ET AL. *v.* INDIANA NATIONAL BANK ET AL.

[No. 30,719. Filed March 3, 1965.]

*James K. Sommer, Richard P. Tinkham, Jr.,* and *Briggs, Berner, Somer & Tinkham,* of Indianapolis, for appellant.

*Donald M. Ream* and *Donald M. Ream, Jr.,* of Indianapolis, attorney for appellees, The Indiana National Bank of Indianapolis, Administrator of the Estate of Everett W. Conn, deceased; Leona Gillaspie; Eva Faye Hodgin and Ferris Hodgin.

*Robert S. Webb,* and *Webb, Webb & Smith,* of Noblesville, for appellee, Minnie J. Burroughs.

ARTERBURN, C. J.—This case comes to this Court

under the provisions of Section 4-214, Burns' Ind. Stat. Anno. (1964 Supp.) because of the constitutional question involved.

There is no factual dispute in this appeal. The issue arose upon a petition to determine the heirship in the estate of Everett W. Conn, deceased.

Everett W. Conn died intestate, leaving three sisters and a brother as his nearest kin: Minnie J. (Conn) Burroughs, a sister, Leona Gillaspie, a half-sister, Eva Faye Hodgin, a half-sister and the appellant, Cecil A. Earle, a natural brother.

The appellant, Cecil A. (Conn) Earle, was adopted at the age of fifteen by his aunt, Cora Ann Earle and her spouse, Edward F. Earle, now deceased. He inherited property from them as their adopted child. His aunt and adoptive mother was the sister of appellant's father.

Burns' Ind. Stat. Anno. §6-208 (1964 Supp.) reads as follows:

> *"Adopted Children.*—(a) For the purpose of inheritance to, through and from a child legally adopted during his minority, such child shall be treated the same as if he were the natural child of his adopting parents and he shall cease to be treated as the child of his natural parents and of any previous adopting parents for purposes of intestate succession: Provided, That if a natural parent of a child born in wedlock shall have married the adopting parent, the adopted person shall in addition be entitled to inherit as a child from and through both of his natural parents.
>
> "(b) For the purpose of inheritance to, through and from a child legally adopted when an adult, such child shall be treated as the child of his natural parents for purposes of intestate succession except that he shall in addition be entitled to inherit as a child from the adopting parent or parents. (Acts 1953, ch. 112, § 208, p. 295; 1961, ch. 267, § 1, p. 609)"

The trial court entered judgment holding that the appellant as an adopted child could not inherit from his natural blood brother. From this judgment he appeals.

It is argued that this statute is not applicable since it does not refer to inheritance from collateral heirs and is applicable only in cases of descent. It is further argued that if it is applicable in this case, it is unconstitutional as violating Article 1, §23 of the Indiana Constitution, which reads as follows:

> "*Privileges equal.*—The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

and also violates the Fourteenth Amendment of the United States Constitution, which reads as follows:

> " . . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In *Kerlin* v. *Kenny, Admr., et al.* (1959), 239 Ind. 142, 155 N. E. 2d 389, denying transfer in 129 Ind. App. 199, 153 N. E. 2d 607 (1958) we considered the interpretation of the statute in question.

The classification features of the Probate Act as to adopted children and natural heirs were considered in *Scott* v. *Scott, Admrx. et al.* (1958), 238 Ind. 474, 150 N. E. 2d 740, and we there held the law of descent and distribution, as fixed by the statute, was constitutional.

It is within the province of the legislature to determine the rules of inheritance. No person has an inherent right to inherit property, and the law-making authority—the legislature—has the power to designate who shall inherit property. No arbitrary

or discriminatory classification is pointed out to us that is a violation of any constitutional provision, and no reason has been presented to us in the briefs why we should reexamine this whole question again.

There remains, then, the interpretation of the Act in question. The adoption of Cecil A. Earle, the appellant here, was never challenged nor questioned by him. The evidence shows that he has accepted the benefits of the adoption proceeding by taking his inheritance from his adopting parents. The statute in question (Burns' Ind. Stat. Anno. §6-208 [1964 Supp.]) states that an adopted child for the purposes of inheritance "shall be treated the same as if he were the natural child of his adopting parents and he shall cease to be treated as the child of his natural parents . . . ."

We feel the language is plain in this case. To be treated as a brother of the children of his natural parents would be to treat him as a child of his natural parents, in plain violation of this statute. This interpretation is in line with the cases of *Scott* v. *Scott, Admrx. et al.* (1958), 238 Ind. 474, 150 N. E. 2d 740 and *Kerlin* v. *Kenny, Admr., et al.* (1959), 239 Ind. 142, 155 N. E. 2d 389, denying transfer in 129 Ind. App. 199, 153 N. E. 2d 607 (1958). The intentions of the legislature seem plain to us. It says that when a minor child is adopted, such child, for purposes of inheritance, shall cease being the child of his natural parents. He does not inherit from them or their relatives and they do not inherit from him. He stands in a new legal relationship upon adoption. The old ties are broken. *Pointer et al.* v. *Lucas et al.* (1960), 131 Ind. App. 10, 169 N. E. 2d 196.

The judgment of the trial court is affirmed.

Jackson, Myers, Landis and Achor, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 652.