ADDISON *v.* ESTATE OF KENNETH DALE MYERS, DECEASED.

[No. 869A145. Filed September 9, 1970.]

*Jerry M. Burton, Johnson, Weaver & Martz,* of Indianapolis, for appellant.

*James J. Stewart, Harold E. Atherly, Stewart, Irwin, Gilliom, Fuller & Meyer,* of counsel, of Indianapolis, for appellee.

WHITE, J.—Appellant petitioned the court for a declaration that she is the heir of decedent. The court found facts which would have made appellant the decedent's heir, as

the natural daughter of decedent's pre-deceased sister, but for the fact that appellant was legally adopted by adoptive parents in 1913 at the age of six months. Section 208 of the Probate Code, Burns IND. STAT. ANN. § 6-208 (prior to its 1969 amendment) reads:

"6-208. Adopted children.— (a) For the purpose of inheritance to, through and from a child legally adopted during his minority, such child shall be treated the same as if he were the natural child of his adopting parents, and he shall cease to be treated as the child of his natural parents and of any previous adopting parents for purposes of intestate succession: Provided, that if a natural or any previous adopting parent shall have married the adopting parent, the adopted person shall also be considered the child of such natural or previous adopting parent.

"(b) For the purpose of inheritance to, through and from a child legally adopted when an adult, such a child shall be treated as the child of his natural parents for purposes of intestate succession except that he shall in addition be entitled to inherit as a child from the adopting parent or parents. (Acts 1953, Ch. 112, § 208, p. 295.)"

The court denied appellant's petition and entered judgment that she is not the heir of decedent. Appellant does not contend that the trial court has not followed a proper reading of the statute. She bases her attempt to reverse the judgment solely on the contention that the quoted statute is unconstitutional under both the Constitution of Indiana and the Constitution of the United States.

Burns IND. STAT. ANN. § 4-214 (1968 Repl.) reads, in pertinent part, as follows:

"Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:

"First. All cases in which there is in question, and such question is duly presented, . . . the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution."

On first blush it appears this appeal should have been taken directly to the Supreme Court of Indiana and that we should now transfer it to that court pursuant to Ind. Rules of Procedure, AP 15 (L), which reads:

"(L)   Appeal or initial action in wrong court. If either the Supreme Court or Appellate Court, in which an appeal or original action may be pending, decides that the case should be heard in the other court or that it does not have jurisdiction, an order shall be made transferring the action to the proper court where it shall stand for hearing and decision as if it had originally been filed therein."

We note, however, that the validity of the statute in question has twice been upheld by the Supreme Court of Indiana, as against attacks identical in principle to that here attempted. *Scott* v. *Scott, Admx.* (1958), 238 Ind. 474, 150 N. E. 2d 740; *Earle* v. *Indiana National Bank* (1965), 246 Ind. 251, 204 N. E. 2d 652. In the words of *Pittsburgh, etc. R. Co.* v. *Peck* (1909), 172 Ind. 562, 566, 88 N. E. 939, 941, "the constitutional validity of the law must be regarded as settled." Therefore, there is no constitutional question to be determined and the jurisdiction is in this court. *Pittsburgh, etc. R. Co.* v. *Rogers* (1907), 168 Ind. 483, 485, 81 N. E. 212.

Since appellant cannot prevail unless Burns IND. STAT. ANN. § 6-208, is declared unconstitutional, the appeal presents no question for our determination.

Burns IND. STAT. ANN. § 4-215, provides, *inter alia,*

"If in any case, two of the judges of either division [of the Appellate Court] are of the opinion that a ruling precedent of the Supreme Court is erroneous, the case, with a written statement of the reasons for such opinion, shall be transferred to the Supreme Court."

Appellant's counsel have failed to convince us that either of the aforementioned ruling precedents of the Supreme Court is erroneous.

On authority of *Scott* v. *Scott, Admx., supra,* and *Earle* v. *Indiana National Bank, supra,* the judgment is

Affirmed.

Hoffman, P.J., Pfaff and Sharp, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 592.