STATE of Indiana, Indiana DEPART-
MENT OF STATE REVENUE, Inheri-
tance Tax Division, Appellant (Plain-
tiff),

v.

The NATIONAL BANK OF LOGANS-
PORT, Executor of the Estate of Ora E.
Carlile, Deceased, Appellee (Defendant).

No. 2–278A63.

Court of Appeals of Indiana,
Second District.

April 3, 1980.

Theo. L. Sendak, Atty. Gen., Victoria R.
Van Duren, Deputy Atty. Gen., Indianapo-
lis, for appellant.

Richard A. Molique, Logansport, for ap-
pellee.

SULLIVAN, Judge.

The State of Indiana, Indiana Depart-
ment of State Revenue, Inheritance Tax
Division (Revenue Department) appeals
from a judgment allowing Margaret Ellen
DePoy (Mrs. DePoy) preferential status as a
"Class A transferee" for inheritance tax
purposes.

The facts are undisputed. Mrs. DePoy's
stepmother, Ora E. Carlile, died testate on
October 13, 1976. Mrs. DePoy was named
as a residuary legatee under the will. Mrs.
DePoy claims that she is entitled to tax
treatment as a Class A transferee since the
decedent was in loco parentis with Mrs.
DePoy. The decedent was the second wife
of Andrew Dilts, Mrs. DePoy's father. Mrs.
DePoy was seven years old at the time of
the second marriage and lived with her
father and the decedent until she married
thirteen years later.

The trial court recognized the in loco
parentis relationship between the decedent
and Mrs. DePoy and granted the Class A
transferee status pursuant to I.C. 6–4.1–1–3
(Burns Code Ed.1976). The statute reads as
follows:

"(a) 'Class A transferee' means a trans-
feree who is a surviving spouse, lineal
ancestor, or lineal descendant of the
transferor.

(b) 'Class B transferee' means a trans-
feree who is a:

(1) brother or sister of the transferor;

(2) descendant of a brother or sister of
the transferor; or

(3) spouse, widow, or widower of a child of the transferor.

(c) 'Class C transferee' means a transferee who is neither a Class A nor a Class B transferee.

(d) For purposes of this section, a legally adopted child is to be treated as if he were the natural child of his adopting parent. For purposes of this section, if a relationship of loco parentis has existed for at least ten (10) years and if the relationship began before the child's fifteenth birthday, the child is to be considered the natural child of the loco parentis parent."

The Revenue Department does not challenge the trial court's determination that the in loco parentis relationship existed. Rather, its sole contention is that Mrs. DePoy is estopped from claiming Class A transferee status since she previously claimed that status when her natural mother, Arvilla E. Eikelburner, died in 1972.

The Revenue Department argues that the trial court's decision places Mrs. DePoy in a position superior to that of a natural or adopted child, both of whom are limited to inheritance as a Class A transferee from only one mother. It seeks to support this argument by citing *Kerlin v. Kenny* (1958) 129 Ind.App. 199, 153 N.E.2d 607, affirmed on transfer 155 N.E.2d 389, which held that for purposes of *intestate* succession, children adopted during minority could not inherit from either their natural parents or their natural grandparents. The *Kerlin* case is inapplicable to the instant case. Here, Mrs. DePoy was named as a legatee in the decedent's will.

The Revenue Department inferentially contends that the language of I.C. 6–4.1–1–3(d) prohibits an adopted child from claiming Class A transferee status if the natural parent leaves a bequest.[1] Accordingly, the Revenue Department argues, Mrs. DePoy has been placed in an unequal and untenable inheritance tax exemption position as compared to natural and adopted children who, for purposes of inheritance, will have only one mother and one father. However, in the eyes of the law, adoption involves the complete severance of the relationship between the child and the natural parents. Mrs. DePoy's natural mother did not sever the ties in this manner. Instead, Mrs. DePoy had the good fortune to establish familial ties with her stepmother in addition to maintaining a relationship with her natural mother.

The Revenue Department cites *Hart v. Neeld* (1956) 21 N.J. 479, 122 A.2d 611, as applicable to the instant case. In *Hart*, the appellant was the principal beneficiary of her aunt's estate and sought to claim an inheritance tax exemption by virtue of a "mutually acknowledged parent-child relationship" between them, after having previously received an exemption based upon a parent-child relationship with her natural mother at her mother's death. The New Jersey Court stated:

"Indeed, appellant has already had one exemption from inheritance taxes, based upon a parent-child relationship, in her mother's estate. It would seem quite obvious that one mother per child exhausts the exemptions provided for by statute, and it is difficult to conceive a legislative intention to surpass nature itself by endowing a child with more than one maternal parent." 122 A.2d at 615.

This statement may be seen as mere surplusage since the court had earlier in its opinion upheld a finding of fact that no "mutually acknowledged" relationship of parent and child existed between the appellant and her aunt. In the instant case, we are faced with an unchallenged determination that the decedent stood in loco parentis to Mrs. DePoy. However, insofar as the New Jersey case can be cited in support of disallowing double exemptions, we decline to follow it as precedent.

We find the reasoning of the Supreme Court of Nebraska to be more persuasive. In *In re Dowell's Estate* (1948) 149 Neb.

---

1. "For purposes of this section, a legally adopted child is to be treated as if he were the natural child of his adopting parent."

599, 31 N.W.2d 745, the court was presented with a situation similar to that in *Hart v. Neeld, supra.* The taxing authority argued that the legatee who had received an exemption in her natural mother's estate was not entitled to claim an exemption in the estate of the aunt who had stood in loco parentis to her. The court responded:

"The appellant argues that an exemption from each of the two parents is all that was intended. No such meaning can be obtained from a reading of the act. If such a limitation is in the public interest, it is a matter for the legislature and not the courts." 31 N.W.2d at 747.

■ Similarly, in the instant case, no legislative intent to deny Mrs. DePoy Class A transferee status can be obtained from a reading of I.C. 6–4.1–1–3. There is no ambiguity in this tax exemption provision to be strictly construed against the party claiming the exemption. Words and phrases in a statute should be given their plain, ordinary and usual meaning. *Pryor v. State* (1973) 260 Ind. 408, 296 N.E.2d 125; *State v. Turner* (1979) Ind.App., 386 N.E.2d 208. In addition, it is a general principle that the Inheritance Tax Act is to be interpreted and construed in favor of the taxpayer. *In re Estate of Cassner* (2d Dist. 1975) 163 Ind.App. 588, 325 N.E.2d 487; *State v. Weinstein's Estate* (1967) 141 Ind. App. 399, 229 N.E.2d 741. While it may seem capricious that Mrs. DePoy is being allowed two exemptions, the facts and circumstances of her relationship with the decedent fall within the plain meaning of the statute. We are unable to discern any legislative intent to proscribe Mrs. DePoy's claims. If the Legislature deems it to be the policy of this State to limit an individual to one Class A exemption status for a parent of each gender, it may certainly do so by an amendatory statute.

Judgment affirmed.

SHIELDS, J., concurs.

BUCHANAN, C. J., dissents with separate opinion.

BUCHANAN, Chief Judge, dissenting.

I dissent on two grounds: (1)because the statute involved, Ind. Code 6–4.1–1–3, is subject to an interpretation which I find more reasonable and more in keeping with legislative intent than the majority view and (2) because the statute is ambiguous, and it must be construed against the exemption.

The precise question of whether an individual who has previously claimed Class A tax treatment when inheriting from a natural maternal parent can also claim Class A tax treatment when inheriting from a second maternal parent as a person in loco parentis, appears to be one of first impression in Indiana.

The majority's interpretation of the statute is that an individual may be entitled to more than one Class A exemption when inheriting from a maternal parent because there is no explicit language in the statute specifically barring an individual from claiming more than one Class A exemption. Equally defensible and a more reasonable interpretation is that in reading the statute as a whole the implication is that an individual is entitled to only one Class A exemption in inheriting from a maternal parent. Subsection (d) of Ind. Code 6–4.1–1–3 contains this language:

For purposes of this section, a legally adopted child is to be treated as if he were the natural child of his adopting parent. For purposes of this section, if a relationship of loco parentis has existed for at least ten (10) years and if the relationship began before the child's fifteenth birthday, *the child is to be considered the natural child of the loco parentis parent.* (emphasis added).

The key word is that a child is to be "considered" the "natural child of the loco parentis parent." But if the parent-child relationship has existed with the natural parent for inheritance tax purposes, can the child still be *considered* to be the natural child of the loco parentis parent? The implication I see emanating from use of the word "considered" is that such consideration can only exist once.

Reading the statute as a whole, which we must do, *Indiana State Highway Commission v. White* (1973), 259 Ind. 690, 291 N.E.2d 550, lends support to the conclusion that an individual is entitled only once to a Class A exemption per maternal parent. No other class of individuals governed by the statute, that is, children with only natural parents, or adopted children, can claim more than one Class A exemption per maternal parent. It is not reasonable to conclude that legislative intent was for certain individuals to receive two Class A exemptions for both a natural mother and also an in loco parentis mother, a benefit afforded to no other class of transferees. In construing statutes we must attempt to give effect to legislative intent. *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657; *Allen County Department of Public Welfare v. Ball Memorial Hospital* (1969), 253 Ind. 179, 252 N.E.2d 424.

If a statute is capable of two interpretations this court should adopt the interpretation which produces the most reasonable result. *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867; *In Re Estate of Pickens* (1970), 255 Ind. 119, 263 N.E.2d 151.

Even if my interpretation of the statute is not necessarily the most reasonable interpretation, it is nonetheless a reasonable interpretation and the majority opinion is in trouble, because an ambiguity is created:

> A statute . . . may be characterized as being "ambiguous" when it is capable of being understood by reasonably well-informed persons in either of two or more senses, and if language is susceptible of interpretation in opposite ways, or is reasonably capable of being understood in more than one sense, it is ambiguous. . . .

3A C.J.S. *Ambiguous* p. 412 (1973) (footnotes omitted).

And even more conclusive is the time honored principle of Indiana tax law that if there is an ambiguity as to a tax exemption it should be strictly construed *against* the party claiming the exemption. *Gross Income Tax Division v. National Bank & Trust Co.* (1948), 226 Ind. 293, 79 N.E.2d 651; *Indiana Department of State Revenue v. Cable Brazil, Inc.* (1978), Ind.App., 380 N.E.2d 555. A sound reason exists for this rule as explained in 3 Sutherland, Statutes and Statutory Construction, § 66.09 (4th ed. C. Sands Ed. 1974):

> The basis for applying the rule of strict construction to statutory provisions granting tax exemptions or deductions, even more obviously than with reference to the affirmative or levying provisions of tax statutes, is to minimize differential treatment and foster impartiality, fairness, and equality of treatment among taxpayers.
>
> "Taxation is the rule and exemption therefrom the exception; and the claimant of such an exemption must show his right thereto by evidence which leaves the question free from doubt. The claimant for an exemption must show that his demand is within the letter as well as the spirit of the law."

(quoting from *Jones v. Iowa State Tax Commission* (1956), 247 Iowa 530, 74 N.W.2d 563) (Footnotes omitted).

By analogy, Indiana case law supports my position. Our courts have held that there cannot be duality of heirship. The adoption cases unequivocally state that an adopted child can only inherit from his adopting parents, grandparents, and relatives and not from his natural parents, grandparents, or relatives. *See, e. g., Earle v. Indiana National Bank* (1965), 246 Ind. 251, 204 N.E.2d 652; *Kerlin v. Kenny* (1958), 129 Ind.App. 199, 153 N.E.2d 607, *transfer denied* (1959), 239 Ind. 142, 155 N.E.2d 389.

Two other jurisdictions faced with comparable fact situations have construed their tax laws in a similar fashion.

In *Hart v. Neeld* (1956), 21 N.J. 479, 122 A.2d 611, the New Jersey Supreme Court applied its statute, similar to the Indiana statute, to a factual situation in which a child was endeavoring to inherit from her aunt as a person in loco parentis after having claimed preferential tax treatment in inheriting from her mother.

The New Jersey Supreme Court stated:

So long as she continued to acknowledge her natural mother as her parent, which she did, she could not, in the statutory sense, at the same time acknowledge another as occupying the same relationship.

. . .

Indeed, appellant has already had one exemption from inheritance taxes, based upon a parent-child relationship, in her mother's estate. It would seem quite obvious that one mother per child exhausts the exemptions provided for by statute, and it is difficult to conceive a legislative intention to surpass nature itself by endowing a child with more than one maternal parent.

It did not allow the daughter to claim exemptions both from her mother and from her aunt.

By comparison in *Loomis v. State* (1964), 228 Cal.App.2d 820, 39 Cal.Rptr. 820, the California Court of Appeals considered a situation of preferential gift tax treatment by a stepmother to her stepson. The California statute was similar to the Indiana and New Jersey statute in that it also recognized the in loco parentis relationship.

In *Loomis* however, the court found that the in loco parentis relationship existed and allowed preferential tax treatment in a factual situation much different from the one we have before us. Not only is there the primary difference that the son had never claimed preferential tax treatment from his natural mother in the past, but there is also clear and convincing evidence of the breaking of most, if not all ties from his natural mother, a factor also not present in this case.

Thus, I conclude that by reading the statute as a whole the legislative intent is most reasonably revealed as creating an implication that the exemption may only be claimed once, and further that even if the statute is ambiguous, it must be strictly construed against the exemption, which favors my interpretation.