Bradford v. Limpus.

---

## BRADFORD v. LIMPUS.

1. CONTRACT: FORFEITURE. Where a bond for the sale of real estate,

after stating the consideration, and describing the notes executed therefor and cotemporaneous therewith, by the obligee to the obligor, recited that if the obligee shall "fail or neglect to pay said notes, or either of them, and especially the first of them, according to the tenor thereof, then said" obligor "shall have full power to enter upon said estate and take full possession thereof, and if the failure shall be in the payment of the first above described note, the contract shall be void, and said" obligor "shall take possession of said premises and refund to said" obligee, "or order, the sum of twelve hundred dollars without interest," *held*, that upon the .failure of the obligee to pay said first note, the entire contract became void, and the obligor could not recover on the notes.

*Appeal from Warren District Court.*

SATURDAY, NOVEMBER 5.

THE defendant was sued on a promissory note, dated the 5th March, 1857, and due in one year from date, for one thousand dollars.

The defense rests upon a certain bond in substance as follows : On the date of the note, the plaintiff executed to the defendant his bond in the penal sum of one thousand and two hundred dollars, the consideration of which was the conveyance of certain parcels of land in Warren county for the consideration of four thousand and six hundred dollars. This instrument, which is annexed to the answer, expresses that of the above $4,600, the sum of $1,700 is paid down, and for the remainder said Limpus gave his three promissory notes, two of them for one thousand dollars each, payable in one and two years, and the other for $900, payable in three years ; and upon the payment of these according to their tenor, said Bradford is to execute and deliver a good deed to the lands. The condition then proceeds : but if the said Limpus shall fail or neglect to pay said notes, or either of them, and especially the first of them, according to the tenor thereof, time being the essence of this contract, then said Bradford shall have full power to enter upon said real estate and take full possession thereof; and if the failure shall be in the payment of the first above described note,

Bradford v. Limpus.

the contract shall be void, and said Bradford shall take possession of the premises, and refund to said Limpus or order the sum of twelve hundred dollars, without interest, out of the seventeen hundred so paid in hand, five hundred dollars thereof having been forfeited by reason of said failure on the part of said Limpus to comply with the terms of said contract.

The defendant, in his answer, pleads first, that he does not owe as alleged; secondly, that the note sued on was given for part of the consideration for the purchase of certain real estate described, (referring to the bond,) and he avers that the plaintiff represented that he had title to the same, which was not true, for that he had not, nor has he any title thereto, of which the plaintiff had full knowledge; and that the consideration had failed.

In the third count of the answer he pleads the same contract of purchase, referring to the bond, and avers that by the terms of said contract, if defendant made default in the payment of said note, the contract was to be void, and defendant forfeited his right to the land, and had a right to have $1,200 of the money paid, refunded to him, and said notes were to be void; and he avers that this note is one of the said notes, and that he failed to pay, and the contract became void.

The fourth count sets up as a set-off, a claim for $1,200, and referring to the same bond and contract, he pleads that the plaintiff agreed that if the defendant did not pay said first note in the bond described, which is the note sued on, then the contract should be void, and plaintiff would pay to defendant $1,200 upon the consideration of the $1,700 paid to plaintiff. He then alleges that he did not pay the note, and that the plaintiff entered upon and has possession of said lands, and that the defendant has not possession of the same.

The fifth count sets up a claim for $1,700 as a set-off based upon the same contract.

The plaintiff demurred to the third and fifth counts in the

answer, for the cause that they constituted no legal matter of defense, or of set-off, which demurrer was sustained.

*Williamson & Nourse* for the appellants, cited *Peterson* v. *Dickey*, 8 Blackf. 427; *Smith* v. *Sanborn*, 11 John. 59; 13 Howard 340.

*Bryan & Williamson* for the appellees. [The authorities cited by counsel for appellee are referred to in the opinion of the court.]

WOODWARD, J.—The plaintiff stands upon the doctrine that a provision that a contract shall become void upon non-payment, or other non-performances, is for the benefit of the obligee, and the obligor can not avail himself of it. This may be the true doctrine. It is supported by the cases cited by the plaintiff, 1 Smith's Lead. C. 88; 5 Story Eq. Jur. sec. 717; *Clark* v. *Jones*, 1 Denio 517; 5 Cow. 270, and also *Mason* v. *Caldwell*, 5 Gil. 196. But the case may be changed when the obligee has entered upon conditions broken. 1 Smith's Lead. C. 88. It need not be considered, however, whether this is the true rule, for there are elements entering into this case which do not exist in those where the rule is so stated. This is not simply a provision for avoiding the contract. The terms of the condition must be regarded. If the defendant fails to pay the notes according to their tenor, the plaintiff has power to enter and take possession. Then there is a special provision in reference to the first note; if the failure be to pay this first one, the contract shall be void, and Bradford shall take possession. It is not that he shall have *authority* to, but *shall* take possession, and refund to Limpus $1,200 out of the $1,700 paid him—five hundred being forfeit. Now it seems to us that this is more than the ordinary provisions. It is an expressed intention that, until the first note fell due, the obligor should have the option to abandon the purchase upon forfeiting $500. No other conclusion can be drawn from the plain and express agreement that Bradford shall repay the $1,200. This is entire-

ly inconsistent with the idea that he alone had the option to terminate the contract or to enforce it. The non-payment of the first note was not merely a default, it was an election. The language of the instrument changes; when before speaking of default, it gives the obligee authority to enter, &c.; but if failure be made on the first note, he *shall* take possession and refund, and the contract become void. The provision that he shall repay the $1,200, if no other, is controling, takes away all authority and removes the case from the rule relied upon by the plaintiff. Therefore the order of the court sustaining the demurrer is erroneous, and the same is reversed and the cause is remanded for further proceedings.

Reversed.