D. L. CLARK, Appellant, v. JOE HORN, Auditor.

Taxation: ASSESSMENT OF CONTRACT FOR SALE OF LAND.   A con-
tract for the sale and conveyance of land, upon which a par-
tial payment is made and the vendee has taken possession, is
assessable for taxation as a credit due the vendor, notwith-
standing a provision that upon the vendee's default in making
payments, the vendor may declare the agreement void where
such default does not render the indebtedness non-enforceable.

*Appeal from Jasper District Court.*—HON. W. G. CLEM-
ENTS, Judge.

SATURDAY, JANUARY 23, 1904.

AN appeal from the assessment of a contract to convey
land.   On the 30th day of August, 1901, the plaintiff and
one Isaac T. Maddy executed a written contract, whereby
the plaintiff agreed to sell to Maddy certain lands therein
described, and Maddy agreed to purchase the same, and to
pay therefor the sum of $26,000—$500 upon the execution
of the agreement, $1,500 on the 1st day of March, 1902, and
the balance in deferred payments continuing until 1912.
The contract contained the following condition: "And it is
expressly agreed by and between the parties hereto that the
time and times of payment of said sums of money, interest
and taxes as aforesaid is the essence and important part of
the contract; and that if any default is made in any of the
payments or agreements above mentioned to be performed by
the party of the second part in consideration of the damage,
injury and expense thereby resulting, or that may be incurred
by or to the party of the first part thereby, this agreement
shall be void and of no effect, and the party of the second
part shall have no claim in law or equity against the party
of the first part nor to the above mentioned real estate, nor

any part thereof, and any claim or interest, or right the party of the second part may have had hereunder up to that time by reason hereof, or if any payments or improvements made hereunder, shall, on all such default cease and determine and become forfeited, without any declaration of forfeiture, re-entry or any act of the party of the first part. And if the party of the second part, or any other person or persons shall be in possession of said real estate, or any part thereof, he or they will peacefully remove therefrom, or in default thereof he or they may be treated as tenants holding over unlawfully after the expiration of a lease, and may be ousted and removed as such." This contract was assessed for 1902 by the county auditor. An appeal was taken to the district court, and upon a trial there was a judgment assessing it as an indebtedness due the plaintiff, from which judgment he appeals.—*Affirmed.*

*McElroy & Cox* for appellant.

*P. H. Cragan* and *Henry Silwold* for appellee.

SHERWIN, J.—The contract was not assessed by the proper township assessor, because he did not know of its existence until after his book had been returned to the auditor of the county. After he learned of the contract, however, he notified the auditor of its existence, and the auditor thereupon served upon the plaintiff due notice of his intention to place it upon the assessment book and assess it as provided by law. The plaintiff filed objections to its assessment by the auditor, which were by the auditor overruled upon a hearing, and the contract was listed and assessed. In his opening argument the appellant assailed the constitutionality of chapter 47, page 31, of the Acts of the Twenty-eighth General Assembly, contending that it confers judicial powers upon the auditor, in contravention of section 1 of article 3 of the Constitution of this state, but in his reply argument this position is practically abandoned and all we need say with reference thereto is that we do not think it could be maintained in any event.

Whether the contract should be assessed as a credit due or to become due the plaintiff depends entirely upon the construction which should be given it as a whole. If, from the agreement of the parties as disclosed by the entire instrument, it is clearly apparent that an absolute indebtedness was not thereby created or intended, the assessment should not stand. If, on the other hand, a debt was created which the plaintiff might enforce notwithstanding Maddy's failure to perform his part of the agreement, the contract was properly assessed. In determining this question but little help can be had from the adjudicated cases, as each case is almost wholly controlled by its own facts and by the contract therein involved. What, then, was the contract between the plaintiff and Maddy? In the first place, it was, in effect, a contract of sale, by the terms of which the plaintiff was to convey to Maddy the land therein described whenever Maddy should fully comply with his part of the agreement, and by which Maddy agreed to pay $26,000 for the land. Thus far the agreement was absolute on the part of both parties, and was a binding obligation upon the part of Maddy to pay the price agreed upon; and, unless the stipulation as to forfeiture and re-entry created a different relation between them, it is clear that the plaintiff could maintain an action for the purchase price. It was stipulated in the contract that the times of payment of the principal, interest, and taxes were important; and, further, "that if any default is made in any of the payments or agreements * * * to be performed by the party of the second part in consideration of the damage, injury and expense thereby resulting, or that may be incurred by or to the party of the first part thereby, this agreement shall be void and of no effect." In considering this stipulation it is important to have in mind a little more fully the situation of the parties at that time. The plaintiff sold to Maddy 755 acres of land, upon which Maddy then paid only $500, and the next payment thereon of $1,500 was not due until the next March; and while the contract does not say in so many words when Maddy was to have possession of the premises, it is evident

therefrom that he was to have it before he paid for the land
in full, and as a matter of fact he was given possession there-
of in March, 1902, as we understand the record, after he had
made the second payment.

It is practically conceded by counsel that the annual
rental value of the land was $3.50 per acre—in the aggregate
over $2,700. Maddy, when he went into possession, had paid
only $2,000, and nothing further would be due from him for
a year, and then only the interest at four and one-half per
cent. per annum on the balance of the unpaid purchase price,
the taxes, and $1,000 of the principal. Hence, if the stipula-
tion that upon Maddy's default the agreement should be void
was intended to release him from any further liability on
the contract, he would profit largely by his possession of the
land, notwithstanding the payments which he had already
made. But, aside from this feature of the case, we do not
think the language of the stipulation relied upon in itself
sustains the appellant's contention. When carefully analyzed,
it means nothing more than that, if Maddy shall make de-
fault in his payments, Clark may treat the contract as at an
end so far as his obligations are concerned, and retain the
money already paid to him. In other words, that the provis-
ions were intended for the exclusive benefit of Clark. *Bar-
rett v. Dean,* 21 Iowa, 423; *Sigler v. Wick,* 45 Iowa, 690;
*Steel v. Long,* 104 Iowa, 43. In *Bradford v. Limpus,* 10
Iowa, 35, relied upon by the appellant, the contract provided
for the repayment to the defendant of a part of the purchase
price paid, and is in no way controlling in this case. The
trial court fixed the assessable value of the contract at $16,-
000, and from this valuation the defendant appealed. We
think the witness Clark was qualified to testify as to the value
of the contract, although the basis of his conclusion is some-
what doubtful, and will not disturb the judgment.—
AFFIRMED.