## MARTIN, TREASURER, *v.* WISE.

[No. 22,839. Filed October 8, 1915.]

TAXATION.— *Property Subject to Taxes.— Indebtedness.— Double Taxation.*—Where plaintiff, the owner of certain land, entered into an agreement to sell it, by the terms of which the purchaser paid $5,000 in cash and was to pay the remainder in five years from date of the contract with interest payable semiannually, to pay the taxes and keep the property insured, etc., and by which forfeiture was provided for in case of noncompliance by the purchaser, the latter's obligation to pay the deferred installments was a debt owing to plaintiff and was taxable as such under §10143 Burns 1914, Acts 1895 p. 21, providing that for the purpose of taxation personal property shall include all indebtedness due to inhabitants of the State, and the fact that the land was assessed in the name of plaintiff did not vitiate the listing of such debt for taxes on the ground of double taxation.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Warner Wise against Fred W. Martin, Treasurer of St. Joseph County. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Fred Woodward,* for appellant.

*Charles P. Drummond* and *Donald P. Drummond,* for appellee.

LAIRY, J.—The facts in this case show that in the month of January, 1912, appellee entered into a written contract with Jacob Wolverton whereby he agreed to sell and convey to Wolverton certain described land, at and for the agreed price of $25,000. By the terms of the contract Wolverton agreed to pay Wise $5,000 when the contract was signed and the remaining $20,000 in five years from the date of such contract with interest at the rate of 6% per annum payable semiannually with the right to pay $1,000 or $2,000 at any time interest was due. The contract also provided that Wolverton should pay all taxes and assessments made against such land after the date of the contract and that he should keep the buildings insured for the benefit of Wise and that in the event of his failure to do so, Wise might procure such insurance and make such payments and the amount so paid should become a part of the principal and draw eight per cent interest from the date of payment. The contract further stipulated that time should be treated as the essence of such contract and that in case Wolverton failed to perform all of his promises and agreements on the day or days specified the contract should become null and void as to the right of the buyer and all payments made and improvements placed upon such real estate by the buyer should be forfeited to the owner in payment of rent, use and occupation of said property and the owner should be released from all liability under such contract and should have a right to take

immediate possession of the land without any liability to the purchaser or any other person. The contract also provided that no forfeiture should be declared until the buyer should default in his payments for a period of six months in which event the owner might declare the contract void according to its terms or he might declare the whole amount both principal and interest due and enforce collection by a proper action.

The complaint recites that a deed for the land to Wolverton was executed concurrently with the execution of the contract and delivered to the First National Bank of the city of South Bend to be delivered to the buyer when he had complied with all of the terms and conditions of the contract but not otherwise.

The land described in the contract was assessed in the name of Wise for the year 1912 and the taxes levied upon the same for that year amounted to $124.41. The township assessor and the board of review over the objection of appellee added to the personal property listed by him for taxation the sum of $20,000 as an indebtedness owing to him under the contract for the sale of the land therein described. This valuation was extended on the tax duplicate and taxes were assessed against the same as personal property in the sum of $286.40. This action was brought by appellee to enjoin the treasurer of the county from enforcing the collection of the tax of $286.40 assessed against the personal property added by the township assessor and approved by the county board of review. The foregoing facts appear fully from the allegations of the complaint to which appellant unsuccessfully demurred. A trial was had resulting in a finding and judgment for appellee. Appellant assigns as error the action of the trial court in overruling the demurrer to the complaint and also in overruling the motion for a new trial. The two assignments present the same question in different forms and they may be properly considered together.

Appellant contends that under the facts stated the unpaid purchase price of land is a debt owing to appellee within the meaning of the statute on the subject of the taxation of debts, while appellee asserts that the taxing officers had no right to assess the amount so unpaid as a debt for the reason that the facts stated show an executory contract for the sale of the land and not a sale; that the title was still in appellee and that for that reason the property was still assessable to him as such; and that to assess him with the unpaid purchase price as a debt owing to him under the contract amounts to double taxation. This is the only question presented.

Section 10143 Burns 1914, Acts 1895 p. 21, provides among other things that for the purpose of taxation personal property shall include all indebtedness due to inhabitants of this State above the amounts respectively owed by them. If the unpaid balance of the purchase money shown to be owing to appellee under the contract in question is a debt within the meaning of this section it is assessable. In this State a debt, in its general sense, is defined to be a specified sum of money owing to one person from another, and denotes not only an obligation of the debtor to pay but the right of the creditor to receive and enforce payment. *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 57 N. E. 920. The contract in question contains an absolute agreement by Wolverton to pay $20,000 in five years from the date of the contract with interest thereon. He has no option under the contract but is bound to pay the amount stipulated if appellee elects to enforce it. In case of default in six months in making payments, the contract gave appellee the right to reclaim the land and forfeit the rights of the buyer, but it also gave him the right to declare the whole amount due and to enforce collection. The amount to be paid by Wolverton to appellee is definite. The creditor is given the right to enforce payment and an obligation to pay is imposed upon the creditor who, if solvent, can not

escape.   This constitutes a debt within the meaning of the
statute authorizing the taxation of indebtedness due citizens
of the State.   If in any case a debtor is insolvent, or if the
collection of the claim is otherwise doubtful, the value of
such property would be affected, but not its taxability.   The
exact question here presented has never been decided by the
higher courts of this State, but the great weight of authority
from other states sustains the view taken by this court.
*City of Marquette* v. *Michigan, etc., Land Co.* (1903), 132
Mich. 130, 92 N W. 934; *Griffin* v. *Board, etc.* (1900), 184
Ill. 275, 56 N. E. 397; *Dallas County* v. *Boyd* (1908), 138
Iowa 583, 116 N. W. 700, 17 L. R. A. (N. S.) 1220; *Clark* v.
*Horn* (1904), 122 Iowa 375, 98 N. W. 148; *Rheinboldt* v.
*Raine* (1894), 52 Ohio St. 160, 39 N. E. 145.   In the case
first cited the court, after holding that the effect of a con-
tract such as the one under consideration here was to vest
the equitable title in the vendee leaving the legal title in
the vendor as trustee only as security for the debt, said:
"The vendor has, in effect, exchanged his property for the
unconditional obligation of the vendee, the performance of
which is secured by the retention of the legal title.   The
fact that the vendee, in the case of the land contract, may,
when making his final payment, demand a conveyance, does
not distinguish the obligation from that of a credit secured
by a mortgage, as the mortgagor may, when making his final
payment demand a discharge of the mortgage.   The obliga-
tions under consideration, therefore resemble, not agree-
ments to pay future rent, or salary to be earned in the
future, or promises to buy merchandise and products to be
delivered in the future, but credits secured by mortgages.
The resemblance between these obligations and credits se-
cured by purchase money mortgages may best be described
by stating that they differ only in this:   that the vendor
has a remedy to enforce his rights which is not given to the
mortgagee, namely, he may take immediate possession of his
security.   Such an inconsequential difference affords no

ground for a legal distinction. The decisions of this court which hold all credits secured by mortgages taxable are therefore, in our judgment, decisive of the proposition under discussion." The decisions cited also hold that an assessment such as the one under consideration does not constitute double taxation.

The facts stated in the complaint are insufficient to constitute a cause of action and the trial court erred in overruling a demurrer thereto. The judgment is reversed with directions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 109 N. E. 745. As to taxation of credits, see 74 Am. Dec. 93. On amount due under contract for the purchase of land not evidenced by note or purchase money mortgage as a credit subject to taxation, see 17 L. R. A. (N. S.) 1220. Taxation as personalty of debts owing by solvent debtors, see 2 Ann. Cas. 754. See, also, 37 Cyc. 784.