[No. 14478.   Department One.   March 13, 1918.]

J. V. BOCK *et al., Respondents,* v. ALICE J. CELLEYHAM *et al., Appellants.*

ALICE J. CELLEYHAM *et al., Appellants,* v. J. V. BOCK *et al., Respondents.*[1]

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FORFEITURE—EF-
FECT.   Under a contract for the sale of land entitling the vendor to
declare a forfeiture for defaults in payment of installments, and a
collateral contract entitling purchasers to rescind and receive back
money paid at any time after six months from the sale, the pur-
chasers cannot rescind after the vendor gave notice of forfeiture;
since an election by either party under such clauses terminates the
contract.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 5, 1917, in favor of the plaintiffs and defendants Bock, in consolidated actions to quiet title and recover payments made on a contract for the sale of land, tried to the court and a jury.   Affirmed.

*Tucker & Hyland (Robert C. Saunders,* of counsel), for appellants.

*Andrew J. Balliet (Farrell, Kane & Stratton,* of counsel), for respondents.

PARKER, J.—These actions were consolidated and tried as one in the superior court for King county. The Bocks commenced their action seeking a decree quieting their title to certain land in King county and removing a cloud thereon consisting of a recorded contract for the sale thereof by them to the Celleyhams, whose rights thereunder the Bocks claim had been forfeited.   Soon thereafter the Celleyhams commenced

[1]Reported in 171 Pac. 525.

18—100 WASH.

their action seeking recovery of the amount paid by them to the Bocks upon the purchase price of the land. The trial of the actions upon the merits resulted in a judgment and decree denying to the Celleyhams recovery of the amount paid by them to the Bocks upon the purchase price, quieting the title of the Bocks to the land, and removing the cloud thereon consisting of the recorded contract of sale. From this judgment and decree, the Celleyhams have appealed to this court.

The cause was tried to a jury, in so far as concerned the claim of the Celleyhams for recovery of the amount paid by them upon the purchase price of the sale contract. The only question of fact in dispute, and the only issue submitted to the jury, was whether or not the provision of the contract upon which the Celleyhams rested their right to recover the amount they had paid upon the purchase price was, in fact, a part of the contract. The verdict of the jury was in effect a finding in favor of the Celleyhams upon that question of fact. Timely motion was made for judgment notwithstanding the verdict, in favor of the Bocks, upon the question of the right of the Celleyhams to recover the amount they had paid upon the purchase price of the contract. This motion was granted, and judgment and decree rendered as above noticed.

On December 30, 1910, the Bocks, being then owners of the land in question, entered into a contract for the sale thereof for $10,000 to appellant Alice J. Celleyham. Two thousand dollars of this purchase price was then paid in cash, and the balance of $8,000, with interest, agreed to be paid on December 30, 1912. The contract contained, among other provisions, the following:

"Time is the essence of the contract, and in case of failure of the said party of the second part [Alice J. Celleyham] to make either of the payments or per-

form any of the covenants on her part, this contract shall be forfeited and determined at the election of the said parties of the first part, and the said party of the second part shall forfeit all payments made by her on this contract, and such payments shall be retained by the said parties of the first part in full satisfaction and liquidation of all damages by them sustained, and they shall have the right to reenter and take possession of said land and premises and every part thereof.''

This sale contract was brought about through the efforts of Corinne Simpson, as agent of the Bocks. On January 5, 1911, Corinne Simpson signed and delivered to Alice J. Celleyham the following writing:

''Whereas, Alice J. Celleyham has purchased from John V. Bock and wife, through my office, the following described land, situate in King county, state of Washington, . . .

''Now Therefore, I, Corinne Simpson, do hereby agree with said Alice J. Celleyham, in consideration of her purchasing said tract through my office, and other valuable considerations, that I will, at any time after six months from date, upon notice to me in writing signed by said Alice J. Celleyham, stating that she is dissatisfied with her said purchase, pay and refund to said Alice J. Celleyham, the said sum of two thousand dollars paid by her on account of said purchase price, together with such additional sum or sums as she may have paid thereon subsequently, upon a proper conveyance to me of all the right, title and interest of said Alice J. Celleyham and husband in said land.''

This writing was claimed by the Celleyhams to have been executed by Corinne Simpson for the Bocks and as a part of the sale contract. We shall assume, for argument's sake, that the verdict of the jury establishes this as a fact binding upon the court, rather than merely as advisory. No part of the balance of the $8,000 of the purchase price of the sale contract has ever been paid or tendered. Nor has any interest

been paid thereon since December 31, 1914, when interest maturing thereon up to that date was paid. On May 27, 1916, the Bocks duly notified the Celleyhams in writing as follows:

· "You and each of you are hereby notified and required to pay, on or before the 20th day of June, 1916, at 505 American Bank Building, Seattle, Washington, the principal sum of $8,000, together with interest thereon in the sum of $840, according to the contract made and entered into on the 30th day of December, 1910, between Alice J. Celleyham and the undersigned for the purchase and sale of the following described real estate: . . .

"You and each of you are hereby further notified that, unless you make said payments on or before said 20th day of June, 1916, the undersigned will declare a forfeiture of the said contract under its terms, and all payments heretofore made on said contract will be retained by the undersigned as liquidated damages."

This notice and demand was never complied with. On June 28, 1916, the Bocks, having elected to declare the contract of sale canceled and the payments made thereon forfeited to them, commenced their action seeking a decree quieting their title to the land and removing the cloud thereon consisting of the recorded sale contract. On June 29, 1916, Alice J. Celleyham notified Corinne Simpson in writing that she was dissatisfied with her purchase of the land and elected to have the amount paid by her upon the purchase price repaid to her. On June 30, 1916, the Celleyhams commenced their action seeking to recover from the Bocks the amount paid upon the purchase price of the sale contract. The two actions, being thereafter consolidated, were tried in the superior court with the result above noticed. The facts above summarized are all conceded or conclusively established, so the rights of the respective parties are determinable as matters of law.

There is but little here to be considered other than the meaning of the sale contract, of course, reading as a part thereof the writing executed by Corinne Simpson for the Bocks. The contention made by counsel for the Celleyhams is in substance that no condition could arise, and no limit of time elapse short of some possible statute of limitation, which would take away their right to give notice of their dissatisfaction with their purchase and claim repayment of the amount of the purchase price paid by them upon the contract of sale. In other words, that, notwithstanding the Celleyhams have failed to make payment of any part of the balance due upon the purchase price for a period extending long past the time for the making of such payment, and the Bocks have elected to declare the rights of the Celleyhams under the contract forfeited, such default and election does not destroy that provision of the contract which gave to the Celleyhams the right to elect to have repayment of the amount they paid upon the purchase price. We cannot agree with this contention. It seems to us that, just as the forfeiture provision of the contract enabling the Bocks to put an end to it upon default in making payment by the Celleyhams, was inserted for the benefit of the Bocks, so was the provision therein enabling the Celleyhams to elect to have the amount of the purchase price repaid to them upon giving notice of their dissatisfaction with their purchase and claiming repayment of the amount of the purchase price paid by them, inserted for their benefit. It seems to us that both of these provisions are to be given full force and effect, but that, when an election has been lawfully made under one of them, the contract thereby becomes extinguished for all purposes. While it would seem that the right of the Celleyhams to elect to give notice of their dissatisfaction with their purchase and claim repayment of money paid by them

upon the purchase price would remain unimpaired as long as the contract was alive, we are quite unable to understand how they can have any such right when, by their own default and the election of the Bocks rested thereon, the contract and all rights thereunder have been brought to an end. To allow the Celleyhams to now recover would be in effect allowing them to recover upon a contract which for all purposes, as we view it, has ceased to exist.

The only decision called to our attention which might seem to lend some support to the contentions here made in behalf of the Celleyhams is that of the Iowa court in *Bradford v. Limpus,* 10 Iowa 35. The court there had under consideration a land sale contract with a forfeiture clause somewhat similar to that here involved, but with this difference: $1,700 was paid down upon the purchase price and the deferred payments evidenced by promissory notes. The forfeiture clause of the contract provided, among other things:

"If the failure shall be in the payment of the first above described note, the contract shall be void, and said Bradford shall take possession of the premises, and refund to said Limpus or order the sum of twelve hundred dollars, without interest, out of the seventeen hundred so paid in hand, five hundred dollars thereof having been forfeited by reason of said failure on the part of said Limpus to comply with the terms of said contract."

This language was construed to mean that, by the mere failure on the part of the grantee to pay the first note when due, it became an election on his part to put an end to the contract and require Bradford, the grantor, to take the land back and repay $1,200 of the amount paid down on the purchase price. In the case before us, the election which might have been made by the Celleyhams to exercise their right to have the

amount paid upon the purchase price repaid to them was, by the very terms of this contract, required to be evidenced by written notice given to Corinne Simpson, and, of course, until that was done there was no election on the part of the Celleyhams; and this coming after forfeiture of all their rights under the contract because of their default and the election of the Bocks, such election and notice by the Celleyhams was of no avail to them. It seems to us that these two provisions of the contract, one inserted for the benefit of the Bocks and the other for the benefit of the Celleyhams, are but provisions for two different methods for the termination of the contract and all rights thereunder; that each is to be exercised by parties entitled to exercise it before the contract has been terminated; and when the contract is terminated by the lawful election of either party, it ceases to exist for all purposes. Observations made by Judge Hadley in *Jennings v. Dexter Horton & Co.,* 43 Wash. 301, 86 Pac. 576, lend support to this conclusion.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and FULLERTON, JJ., concur.