STATE OF INDIANA, INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION v. ESTATE OF WEINSTEIN.

[No. 20,450. Rehearing denied September 29, 1967.]

*John J. Dillon,* Attorney General and *Richard L. Huff,* Deputy Attorney General, for appellant.

*Donald G. Sutherland* and *Ice Miller Donadio & Ryan,* both of Indianapolis, for appellee.

## ON PETITION FOR REHEARING

BIERLY, J.—The opinion in the present case was filed July 20, 1967. Appellant filed a Petition for Rehearing on August 9, 1697, accompanied by brief in support thereof. Thence, appellee filed a brief entitled "Appellee's Brief in Opposition to Appellant's Petition for Rehearing," on August 21, 1967.

While we deemed the opinion to be sufficiently clear, concise and correct in setting forth pertinent statutes and applicable case law to justify a denial of appellant's Petition for Rehearing without an opinion, nevertheless we shall consider some points of argument advanced by appellant.

Appellant, in its brief supporting its petition for rehearing, noted in part a statutory provision relating to joint property held by the entireties, the same being § 7-2401, Burns' Anno. Stat. (1953 Repl.), which was quoted at length in the opinion. Appellant charged appellee in its original brief as asserting there is no precedent for the position taken by the Inheritance Tax Division and lack of any Indiana authority to substantiate the same. In support of the same, appellant lists and discusses briefly three [3] cases, attempting to refute appellee's conclusions.

While neither the court's opinion, nor appellees' brief in opposition to appellant's petition for rehearing mentions these cases cited by the appellant, we feel constrained to give them attention.

The first case is *Martin* v. *Wise* (1915), 183 Ind. 530, 109 N. E. 745. Wise, a vendor, sold some real estate and received payment part in cash and the remainder to be paid on an executory contract. The county assessor and the Board of Review included this contract as personal property and listed it for taxation. The trial court enjoined the collection of taxes computed thereon. The Supreme Court reversed, holding that the contract of the sale of land with the balance due is value separate and apart from the land sold, and the property right flowing from the contract is a personal property right, thereby taxable as personal property.

In the second case cited by appellant, to wit, *In Re Spurgeon* (1920), 72 Ind. App. 580, 126 N. E. 238, our Supreme Court held that a contract in the form of lease of real property, wherein the lessee agreed to pay a specified monthly rental, tax and assessment, interest on principal, maintain insurance on property in favor of each of the parties subject to their respective interests, and stipulating that lessor convey the property to the lessee when payment of the agreed sums have been made at or before maturity, was a sales contract and as such was assessable to lessor or vendor for taxation purposes upon the unpaid balance due.

In the third case of *Stark* v. *Kreyling* (1934), 207 Ind. 128, 188 N. E. 680, appellant asserts this case refutes appellee's contention of no ruling precedent for the position taken by the Indiana Tax Division in the case at bar. In *Stark, supra,* we have a vendor, Willard Library Association, exempted from real estate taxes, entering into a contract with the vendee, in which payments were deferred, and vendee claimed that the real estate involved retains its character as exempt property even though it had been sold because the legal title had not yet passed to him. The Supreme Court, by majority opinion, adopted the reasoning in *Martin* v. *Wise, supra,* reversed the trial court and stated:

" . . . (W)e are of the opinion that appellee Kreyling was the owner for purposes of taxation. The Willard Library Association had retained the bare legal title for the purpose of enforcing its rights under the contract, but had divested itself of any beneficial interest in the property. All benefits and burdens of ownership had devolved upon Kreyling by the terms of the agreement, including the burden of taxation."

In *Stark* v. *Kreyling, supra,* while concurring in the majority opinion, Judge Myers differed in the method of listing the involved property for taxation. Thence, while the majority opinion refused to accept the applicability of § 21 of the 1919 tax statute, Acts 1919, Ch. 59, p. 198, Burns' 1933 § 64-502, to the facts in the case, Judge Myers, in a concurring opinion, held that the rule to be applied in that case since the lot and improvements thereon covered by the contract were assessed separately and all exempt from taxation in the hands of the holder of the fee, was fixed by the legislature in the passage of § 21, aforesaid.

We hold that these cases are not cases in point, since no tenancy by the entireties was involved, and further that in these cases enumerated the issue raised was one involving general taxation of property but did not involve in any manner the question of the taxing of property for inheritance tax purposes.

In the three cases listed above, the vendors were either an individual or an exempt organization.

In *Stark, supra,* the Supreme Court stated: "No class of property is exempt from taxation unless it is 'specially exempted by law.' . . ." With this statement we agree.

■ We hold that the provisions of Burns' Ind. Stat. Anno., § 56-903 (1951 Repl.) specifically clothes the interest of the surviving spouse in the unpaid purchase price due under the contract with the same mantle of protection as accorded the interest of said spouse in the real estate held as tenants by the entireties.

While the opinion made no mention of the cause entitled *Inheritance Tax Div., etc.* v. *Est. of Alexander, etc.* (1953), 232 Ind. 661, 115 N. E. 2d 747, we deem it necessary to review the same relative to the attempt by the Inheritance Tax Division to require a widow's statutory allowance be listed for and subject to the inheritance tax act.

The Supreme Court recited that surviving widows since 1845 received statutory allowances of specified sums for which they shall not account. That the General Assembly was cog-
■ nizant as to the positions of the Courts in this state, ". . . and it intended that this allowance would be paid to the widow as a preferred claim against the estate and free from inheritance tax."

We are cognizant of the attitude of the Supreme Court that the Inheritance Tax Act be interpreted and construed in favor of the taxpayer. In support of the foregoing enumer-
■ ated principle of construction, we quote extensively from the *Alexander* case, *supra,* at pages 665 and 666, as follows:

"We have long held that to authorize the collection of a gross income tax a transaction must come clearly within the statutory provisions therefor. In case of doubt the statute will be construed against the state and in favor of the taxpayer. *Department of State Revenue* v. *Crown Develop Co.* (1952), 231 Ind. 449, 109 N. E. 2d 426, 428. *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 420,

75 N. E. 2d 784, 1 A.L.R. 2d 1014. *R. L. Shirmeyer, Inc.* v. *Ind. Revenue Bd.* (1951), 229 Ind. 586, 591, 99 N. E. 2d 847. *Dept of Treasury* v. *International Harvester Co.* (1943), 221 Ind. 416, 421, 47 N. E. 2d 150. *Oster* v. *Department of Treasury* (1941), 219 Ind. 313, 317, 37 N. E. 2d 528. *Department of Treasury* v. *Muessel* (1941), 218 Ind. 250, 255, 32 N. E. 2d 596. *United States* v. *Merriam* (1923), 263 U. S. 179, 188, 44 S. Ct. 69, 68 L. Ed 240, 244, and *English* v. *Crenshaw* (1908), 120 Tenn. 531, 110 S. W. 210, 17 L.R.A. (N.S.) 753.

"We think the same rule applies in the assessment of taxes under the Indiana Inheritance tax law. The rule of the United States Supreme Court, and in most of the states, is well expressed as follows:

" '. . . It has been declared in a number of cases that inheritance tax laws are not to be stretched beyond their reasonable meaning, but rather in case of doubt are to be construed with some strictness, and indeed that whatever doubt exists in such a measure must be resolved against the taxing authority.' 28 Am. Jr., Inheritance Estate, and Gift Taxes, § 35, p. 30. *Schwab* v. *Doyle* (1922), 258 U. S. 529, 536, 66 L. Ed. 747, 753, 42 Sup. Ct. Rep. 391, 26 A.L.R. 1454, 1460. *United States* v. *Field* (1921), 255 U. S. 257, 262, 65 L. Ed. 617, 620, 41 Sup. Ct. Rep. 256, 18 A.L.R. 1461, 1464, *Eidman* v. *Martinez* (1902), 184 U. S. 578, 583, 46 L. Ed. 697, 701, *People* v. *Snyder* (1933), 353 Ill. 184, 189, 187 N. E. 158, 88 A.L.R. 1012, 1016.

"Another textwriter states the rule thus:

" 'An inheritance or transfer tax is a creature of the legislature, and a statute providing for such a tax is the only authority therefor. The general rule prevailing in some jurisdictions that all property is subject to taxation, has no application to such taxes, and, in the absence of a statute imposing liability to such a tax, no liability exists in any particular instance. . . .' 61 C.J., Taxation, § 2403, p. 1621. In re Jones Est. (1931), 147 Okla. 123, 124, 294 Pac. 792, 60 Utah 356, 363."

We think in light of the provisions of the statute Burns' Anno. Stat. (1961 Repl.), § 56-903, that the interest of the surviving spouse in the proceeds due in a conditional sales contract relating to the sale of real estate held by the entireties poses the same legal characteristics

as would the surviving spouse's interest in real estate held as tenants by the entireties.

We quote appellee in its brief in opposition to appellants petition for rehearing, as follows:

"If, in place of the sound legal reasoning and authority which the Court embodied in its opinion, it applies 'economic realities,' or the Appellant's concepts of legislative intent, or any of the other concepts urged by the Appellant, or considers 'meaningless the title niceties of . . . title by the entirety,' for the purpose of subjecting the instant property interest to taxation, this Court would contravene the express mandates of the Supreme Court of Indiana, as set forth in the *Alexander* case, *supra.*"

We reiterate our conclusions that the interest of the unpaid balance of purchase prices resulting from conditional sales contracts entered into by a decedent and a surviving spouse, as in the case at bar, was not an interest subject to be taxed by virtue of the Inheritance Tax Act, inasmuch as we hold there was no transfer of any part of the said interest from the decedent to the surviving spouse occasioned by his death, as provided by statutory enactment of such § 56-903, *supra.*

We have examined cases cited by the appellant in an attempt to discredit the opinion in the case at bar, but we hold that such cases, including the A.L.R. analysis of *In Matter of Maquire*, 251 App. Div. 337, 296 N. Y. S. 528, failed to substantiate appellant's contention of a succession in or transfer of title to a surviving tenant.

The Supreme Court of Indiana in *Kilgore* v. *Templer* (1919), 188 Ind. 675, 125 N. E. 457, involving a death of a tenant by the entirety, and the right of the surviving tenant, said:

"On the vesting of an estate by entireties each of the tenants becomes seized of the entire estate, but neither is seized of any divisible part thereof; and therefore, when one of the tenant dies, the survivor, being already seized of the whole, can acquire no new or

additional interest by virtue of his survivorship. He holds the entire estate, not by virtue of any right which he acquires as survivor, but by virtue of the original grant."

Statutes in Indiana are replete in granting favored concessions to a surviving widow. The widow statutory allowance at death of a husband was increased from $1000.00 to $2000.00 by § 6-402, Burns' Anno. Stat. (1967 Supp.), and the same is not subject to the Inheritance Tax Act. See: *Alexander, supra.* Thence by § 7-203, Burns' Anno. Stat. (1967 Supp.), it was provided that when the value of the gross estate of a decedent, less liens and encumbrances thereon, not including the homestead interest, is not in excess of $3500.00 to which the surviving spouse or minor children of the decedent are entitled as widows or family allowances, a petition may be filed in a court of competent jurisdiction praying the court for an order to make such widow's or family allowances, and further to issue an order dispensing with the administration of such estate. This said section provided an increase from $2500.00.

We also note at § 6-401, Burns' Anno. Stat. (1953 Repl.), providing for so-called quarantine rights or homestead rights of a surviving spouse and minor children, if any, living in the ordinary dwelling house of the family at the time of the death of the decedent, and that said widow and minor children, if any, shall be permitted,

". . . to remain therein and to occupy the same and the messuage thereunto appertaining and field adjacent, if any, not exceeding five (5) acres, free of rent for one (1) year from the death of the spouse or parent."

This is accorded the spouse though there be no minor children. Further, this section repealed statute § 6-704 (Burns' 1933), thereby reducing the acreage from 40 to 5. Section 6-401 granted quarantine rights also to both spouses and minor children.

While numerous other provisions of the Probate Code may be enumerated safeguarding rights of a surviving widow and

minor children, we shall limit further discussion and state that by § 7-2403, Burns' Anno. Stat. (1967 Supp.) enacted in 1963 under heading of EXEMPTIONS, provided in part:

"Transfers to a wife and transfers to a husband shall be taxable only to the extent that the value of the property so transferred exceeds fifteen thousand [$15,000]. . . ."

By this act, transfers to minors under 18 years shall be taxable over and above $5000, and a surviving husband for the first time was permitted a $15,000 exemption.

Hence, various sections of the Probate Code cast a mantle of protection over a surviving widow and minor children.

We conclude that taxing authorities are obligated to construe a statute in case of doubt in favor of the taxpayer. It is our opinion that § 56-903, *supra,* was enacted to clarify and effectively determine that The Inheritance Tax Act is not applicable to a situation as presented in the instant case.

Petition for Rehearing denied.

Pfaff, C. J., Cook and Smith, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 741.