James Koday, Barrett & McNagny, Fort Wayne, for petitioner.

Linley E. Pearson, Atty. Gen., by James R. Green, Deputy Atty. Gen., Indianapolis, for respondent.

## In re ESTATE OF Andrea B. EBERBACH, Petitioner,

v.

## STATE OF INDIANA, DEPARTMENT OF REVENUE, Respondent.

### No. 02T05–8607–TA–00005.

Tax Court of Indiana.

April 24, 1987.

## STATEMENT OF THE CASE

FISHER, Judge.

This is an appeal from a determination of the Indiana Department of Revenue (Department) denying the claim for refund filed by Petitioner, Estate of Andrea B. Eberbach (Estate). The facts as stated below are undisputed and each party has filed a motion for summary judgment asserting that based on the facts each is entitled to judgment as a matter of law.

The facts are as follows:

1. That Andrea B. Eberbach was a resident of Indiana and a citizen of the United States.

2. That on June 6, 1984, Andrea B. Eberbach died. An Estate was opened in the Allen County Superior Court as Cause No. E–84–303. The Estate was entitled in *The Matter of the Estate of Andrea B. Eberbach, deceased.* The Fort Wayne National Bank was appointed as Personal Representative of the Estate.

3. That on February 28, 1985, the Estate filed a Federal Form 706 (federal estate tax return) and reported a taxable Estate of $347,322.12. On line 6 of the return the estate showed a tentative federal estate tax of $103,889.52. On line 11, the Estate showed a unified credit of $96,-300. Upon subtracting this amount from the tentative tax, the Estate showed on line 12 a federal estate tax of $7,589.52.

4. That on March 1, 1985, an Indiana Inheritance Tax Return was filed with the Court by the Estate.

5. That on May 20, 1985, the Court entered an order determining inheritance tax due, finding that inheritance tax due from the Estate to be $2,085.68. That the Estate was given a 5% reduction in the inheritance tax due because it paid the tax within one year after the death of the decedent. Therefore, in accordance with IC 6–4.1–9–2, the actual amount of inheritance tax paid by the Estate was $1,981.40.

6. That on July 11, 1985, the Department issued an order determining Indiana estate tax against the Estate. In accordance with that order, the Department found that the Estate owed $3,132.91 in Indiana estate tax.

7. That on November 25, 1985, the Estate paid to the Department $3,132.91 in Indiana estate tax.

8. That on March 17, 1986, the Estate filed a claim for refund with the Department for the entire amount of Indiana estate tax it paid to the Department.

9. That on April 26, 1986, the Department issued an order denying the Estate's claim for refund.

10. That on July 16, 1986, the Estate initiated this action by filing a petition appealing the Department's order denying the Estate its refund of Indiana estate tax it claimed of $3,132.91, plus interest.

11. That on November 24, 1986, the Estate filed a motion for summary judgment along with a memorandum of law. That the Estate contended in its motion for summary judgment that no genuine issue as to any material fact existed, and that it was entitled to summary judgment as a matter of law.

12. That on December 16, 1986, the Department filed a cross-motion for summary judgment along with a memorandum in support and a memorandum opposing the Estate's motion for summary judgment. That the Department also contended in its cross-motion for summary judgment that there existed no genuine issue as to any material fact and that it was entitled to summary judgment as a matter of law.

13. That on February 4, 1987, the Court held a hearing and heard argument on each party's motion for summary judgment.

14. Andrea B. Eberbach's marital bequest utilized the commonly used "reduce to zero" marital deduction formula, as set out in Paragraph B of Subsection DTE.03.1 of her Revocable Trust Agreement, as follows:

(1) The numerator is the minimum amount (if any) which is required (after having given effect for marital deduction purposes to the value of all other property interests, however passing, which qualify for the marital deduction in Settlor's estate) in order that there will be no federal estate tax in Settlor's estate or, if Settlor's federal estate tax cannot be reduced to zero, *then in order that Settlor's federal estate tax will be reduced to the smallest amount possible, when there have been taken into account* all deductions (including the marital deduction), the unified credit, and *the state death tax credit (but only that amount of the state death tax credit which does not require an increase in state death taxes paid)* and all other

credits which are allowed to Settlor's estate for federal estate tax purposes. (Emphasis added).

## DISCUSSION AND DECISION

The issue to be decided is whether the Indiana estate tax, IND.CODE 6–4.1–11 (1982), applies to all of the credit available under I.R.C. § 2011(b) or only to such amount as may be used by the Estate.[1]

The relevant statutes are as follows:

I.R.C. § 2011 provides in pertinent part:

(a) IN GENERAL—The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent).

(b) AMOUNT OF CREDIT—The credit *allowed* by this section shall not exceed the appropriate amount stated in the following table:

| If the adjusted taxable estate is:[2] | The maximum tax credit shall be: |
| --- | --- |
| . . . | |
| Over $240,000 but not over $440,000 | $3,600 plus 3.2% of the excess over $240,000. |

(Emphasis added).

IC 6–4.1–1–4 (1986 Supp.). Federal death tax credit defined:

Sec. 4. 'Federal death tax credit' means the maximum federal estate tax credit provided, with respect to estate, inheritance, legacy, or succession taxes, under Section 2011 or Section 2102 of the Internal Revenue Code of 1954, as amended and in effect on January 1, 1983.

IC 6–4.1–11–1 (1982). Imposition of estate tax:

Sec. 1. A tax to be known as the 'Indiana Estate Tax' is imposed upon a decedent's estate if the federal death tax credit allowed against the federal estate tax imposed as a result of his death exceeds the total state death taxes actually paid as a result of his death.

IC 6–4.1–11–2(a) (1982). Computation for residents and non-residents; determination of value of Indiana gross estate:

Sec. 2. (a) In the case of a resident decedent, the Indiana estate tax equals the remainder of (1) the federal death tax credit allowed against the federal estate tax, minus (2) the total state death taxes actually paid.

In this case, the Estate was able through the use of an available credit for tax on prior transfers, I.R.C. § 2013, to reduce the federal estate tax to zero by using the credit provided by I.R.C. § 2011 only to the extent of the Indiana Inheritance Tax. This result was directed by the governing document (see findings of fact # 14) and if the I.R.C. § 2013 credit had not been available, the amount passed to the surviving spouse, would have increased so as to increase the amount of the marital deduction which likewise would have resulted in a zero federal estate tax and would not have increased the § 2011 credit.

While several text writers allude to the problem here presented,[3] it does not appear to have been previously decided by any court.

Counsel for the Petitioner argues that the resolution of this matter turns on the use of the word "allowed" as used in IC 6–4.1–11–1 and 6–4.1–11–2(a) and avers

1. IC 6–4.1–11–5 provides a credit against the estate tax for any inheritance tax paid.

2. The adjusted taxable estate is the taxable estate, less $60,000. I.R.C. § 2011(b). In this case, the adjusted taxable estate was $287,-322.12.

3. Eberbach's marital bequest utilized a "reduce-to-zero" formula. Such formulas are used to optimize the amount of marital deduction taken in the first spouse's estate tax return so that the total death taxes paid by a married couple are minimized in the long run. *See* Blattmachr & Lustgarten, *The New Estate Tax Marital Deduction: Many Questions & Some Answers,* in PLANNING AND DRAFTING FOR THE MARITAL DEDUCTION 9 (1982); Blattmachr & Lustgarten, *Selected Considerations in Structuring Wills (Or Will Substitutes) For Married Persons After ERTA '81,* in PLANNING AND DRAFTING FOR THE MARITAL DEDUCTION—(1982).

that if the Department's position is to prevail, then the Court would be construing the word "allowed" to mean "allowable".

The Department argues that the definition in IC 6–4.1–1–4 of "Federal Death Tax Credit" as the "maximum Federal estate tax credit provided" means the credit as determined by I.R.C. § 2011(b). IC 6–4.1–1–4 does not limit I.R.C. § 2011 to subsection (b) but includes the entire section including subsection (a) which defines the amount of credit as limited to the amount of all state death taxes actually paid. Subsection (b) is a limitation of the amount of the credit available.

Prior to 1977, IC 6–4.1–1–4 did not contain the word "maximum". According to an article written for *Res Gestae* by then Inheritance Tax Administrator, William Tracy, the word "maximum" was inserted in the statute to "show that the amount of Indiana estate tax due ... is the maximum credit allowable under Section 2011(b) of the Internal Revenue Code...." Tracy, *Summary of the 1977 Amendments to the Indiana Inheritance Tax Laws*, 21 RES GESTAE 488 (1977).

If this is what was intended, the legislature could have used the word "allowable"; it could have referred to I.R.C. § 2011(b); it could have restricted the applicability of I.R.C. § 2013 or § 2014 in calculating the Indiana estate tax and the Department could have promulgated regulations interpreting the various sections as it now urges this court to so interpret.

The Indiana estate tax is one of those taxes adopted by most states as a "pick-up" or "sponge" tax designed to enable the state to receive a portion of the federal estate tax which, if not for such statutes, would go to the U.S. Treasury. The use of the credit usually does not increase the total tax liability of a trust or estate. While it has been held that the Indiana estate tax is not a pure pick-up tax since in some instances its application may increase the total tax liability[4] this is not such an instance.

■ While the Department does make a cogent argument, it nonetheless would require the Court to find the relevant portions of the Indiana Code as cited above ambiguous and then construe the ambiguity in favor of the Department. This Court does not find the statutory language ambiguous and even if it did (the language in IC 6–4.1–1–4 and the word "allowed" in IC 6–4.1–11–1 and 6–4.1–11–2) such would have to be construed in favor of the taxpayer or estate. *Indiana Department of State Revenue v. Estate of Morris* (1985), Ind.App., 486 N.E.2d 1100; *State v. Estate of Weinstein* (1967), 141 Ind.App. 399, 229 N.E.2d 741.

■ The Court now holds that the Indiana estate tax applies to that part of the credit for state death taxes as provided by I.R.C. § 2011 as may be finally allowed against the federal estate tax which exceeds the total of the state death taxes actually paid as a result of decedent's death. In this case the amount such credit allowed is in the amount of $2,085.68, which is the amount of the Indiana inheritance tax. A 5% discount for early payment was allowed which resulted in an Indiana inheritance tax actually paid of $1,981.40. Since the amount of the I.R.C. § 2011 credit was $104.28 greater than the amount actually paid, the Court finds that there is an estate tax due in the amount of $104.28.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Department be and it is hereby ordered to refund to the Estate of Andrea B. Eberbach the sum of $3,028.63 together with interest at the statutory rate from November 25, 1985.

---

4. *Indiana Department of State Revenue v. Estate*  of Pearson (1986), Ind.App., 498 N.E.2d 990, 992.