**STATE of Indiana, DEPARTMENT OF REVENUE Appellant (Respondent Below),**

v.

**In re The ESTATE OF Andrea B. EBERBACH Appellee (Petitioner Below).**

No. 02S00–8709–TA–834.

Supreme Court of Indiana.

March 31, 1989.

Linley E. Pearson, Atty. Gen., James R. Green, Deputy Atty. Gen., Indianapolis, for appellant.

James M. Barrett, III, John F. Lyons, Thomas J. Markle, Barrett & McNagny, Fort Wayne, for appellee.

SHEPARD, Chief Justice.

The issue presented is whether the phrase "federal tax credit allowed" in Ind. Code § 6–4.1–11–2 (Burns 1984 Repl.) means the maximum credit available under I.R.C. § 2011(b) (1982) or the amount of credit actually used.

Andrea B. Eberbach died on June 6, 1984. Her estate was opened in Allen County Superior Court. The estate filed a federal estate tax return, Form 706. On that form, the estate claimed a federal credit for state death taxes of $2,085.68 (line 13). It also claimed a credit for a tax on a prior transfer of $5,503.84 (line 17). The estate applied these credits to reduce the federal estate tax to zero.

The estate filed an Indiana inheritance tax return with the trial court. The court determined that the estate owed $2,085.68 in state inheritance tax, the amount claimed on line 13 of the federal estate tax return. Because the court gave the estate a 5% reduction ($104.28) for early payment, the estate actually paid $1,981.40 in Indiana inheritance tax.

A few months later, the Indiana Department of Revenue issued an order determining that the estate owed $3,132.91 in Indiana estate tax. The estate paid the amount and sought a refund claiming that the Department erroneously imposed the Indiana estate tax. The Department denied the refund.

The estate appealed the Department's decision to the Indiana Tax Court. The Tax Court held that the Department incorrectly calculated the estate tax. *Estate of Eberbach v. Department of Revenue* (1987), Ind.Tax, 512 N.E.2d 902. It ruled that the estate owed only $104.28 in Indiana estate tax. This was the difference between the federal credit for state death taxes paid ($2,085.68) and the actual amount of Indiana inheritance tax paid ($1,981.40). The difference arose because the trial court gave the estate a 5% reduction for early payment.

The Department appeals the Tax Court's decision. It argues that the Tax Court misconstrued the statutes that define how to calculate the Indiana estate tax.

I. *Federal and State Estate Taxes*

The Internal Revenue Code allows a limited credit toward the federal estate tax for state death taxes. I.R.C. § 2011 (1982). The existence of this federal credit allows states to levy higher death taxes at no cost to taxpayers. Because an estate would pay tax to the federal treasury in the absence of the credit, the state death tax in effect simply diverts revenue from the national government to the state. Many state legislatures adopted an estate tax to pick up the state's share of the federal credit.

State death taxes are defined in Indiana as an inheritance, transfer, succession, estate, or similar tax imposed by a state as a result of the decedent's death; they do not include the federal estate tax or the Indiana estate tax. Ind.Code § 6–4.1–1–12

(Burns 1984 Repl.). If the total state death taxes actually paid as a result of death is less than the maximum federal estate tax, then Indiana imposes an estate tax. Ind. Code § 6–4.1–11–1. The statute provides the method of calculating the estate tax: "[T]he Indiana estate tax equals the remainder of (1) the federal death tax credit allowed against the federal estate tax, minus (2) the total state death taxes actually paid." Ind.Code § 6–4.1–11–2(a). In this case, the only state death tax actually paid was the Indiana inheritance tax, so for the purposes of this appeal the mathematical formula would be:

$$\text{Indiana Estate Tax} = \text{Federal Death Tax Credit Allowed} - \text{Indiana Inheritance Tax}$$

## II. *The Dispute*

To avoid paying Indiana estate tax, Eberbach's estate took a credit for a prior transfer instead of using the maximum federal credit for state death taxes. The Department argues that the Indiana estate tax applies to all the credit available under I.R.C. § 2011(b) whether or not all the credit is used by the estate. The estate argues that only the amount of credit taken should be considered.

I.R.C. § 2011 states in part:

*(a) In general.* The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State. . . .

*(b) Amount of credit.* The credit allowed by this section shall not exceed the appropriate amount stated in the following table:

| If the adjusted taxable estate is: | The maximum tax credit shall be: |
| --- | --- |
| . . . | |
| Over $240,000 but not over $440,000 | $3,600 plus 3.2% of the excess over $240,000. |
| . . . | |

For purposes of this section, the term "adjusted taxable estate" means the taxable estate reduced by $60,000.

For Eberbach, the adjusted taxable estate was $287,322.12. Therefore, the maximum credit allowable for the estate under I.R.C. § 2011(b) was $5,114.31. The Department took this number and subtracted the $1,981.40 in Indiana inheritance tax paid by the estate to calculate the Indiana estate tax.

In support of its calculation, the Department refers to Ind.Code § 6–4.1–1–4 (Burns 1984 Repl.), which states:

"Federal death tax credit" means the *maximum* federal estate tax credit provided, with respect to estate, inheritance, legacy, or succession taxes, under section 2011. . . . (emphasis added)

The Department correctly notes that the legislature added the word "maximum" in 1977. 1977 Ind.Acts, P.L. 6 (Special Session) § 1. It argues that insertion of the word indicates a legislative intent to impose an Indiana estate tax even if the Eberbach estate did not utilize the full credit.

## III. *Resolution*

■ Any ambiguity in a tax-levying statute is construed against the State and in favor of the taxpayer. *Park 100 Development Co. v. Indiana Department of Revenue* (1981), Ind., 429 N.E.2d 220. If we insert the definition of "federal death tax credit" that appears in Ind.Code § 6–4.1–1–4 where the words "federal death tax credit" appear in Ind.Code § 6–4.1–11–2(a), the result would be:

The Indiana estate tax equals the remainder of (1) *the maximum federal estate tax credit provided, with respect to estate, inheritance, legacy, or succession taxes, under section 2011* . . . allowed against the federal estate tax, minus (2) the total state death taxes actually paid. (substituted language emphasized)

While the addition of the word "maximum" does support the Department of Revenue's argument, another interpretation is suggested by use of the word "allowed" instead of "allowable." This choice of words indicates that the legislature intended "federal death tax credit" to encompass only the amount of credit actually used and not the amount that could have been used. Furthermore, Ind.Code § 6–4.1–1–4 refers to section 2011 and not just to section 2011(b). I.R.C. § 2011(a) permits an estate to take a credit for state death taxes actually paid. I.R.C. § 2011(b) limits this credit to a scheduled amount. If the state legisla-

ture had intended for the Department to only use the schedule of I.R.C. § 2011(b) to calculate the Indiana estate tax, it would only have referred to I.R.C. § 2011(b) and not the entire section.

The purpose of the Indiana estate tax is to pick up revenue that otherwise would go to the federal treasury. In this case, the Eberbach estate took a credit not only for state death taxes paid, but also for a prior transfer thereby avoiding federal estate taxes. No revenue went to the federal treasury. Although there are some situations where our estate tax increases an estate's total tax liability, *e.g.*, *Indiana Department of Revenue v. Estate of Pearson* (1986), Ind.App., 498 N.E.2d 990, *aff'd*, 521 N.E.2d 350 (Ind.1988), this is not one of those cases. The purpose of the Indiana estate tax is not furthered by allowing the Department to calculate the estate tax without regard to the actual credit taken.

■ The Department may have wished that the Eberbach estate had taken the full credit provided in I.R.C. § 2011(b), but the estate was not obliged to do so. Judge Learned Hand wrote:

> Any one may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury; there is not even a patriotic duty to increase one's taxes.

*Helvering v. Gregory*, 69 F.2d 809, 810 (2nd Cir.1934), *aff'd*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935). We therefore construe "federal death tax credit allowed" to mean the amount of credit for state death taxes actually taken and not simply that amount that could have been taken.

The Tax Court's interpretation was correct.

### IV. *Miscalculation of Federal Estate Tax*

The Department argues that the Tax Court's interpretation failed to understand the nexus between the federal estate tax and the Indiana estate tax. It maintains that the Eberbach estate improperly took a credit on a prior transfer in violation of I.R.C. § 2013(c). The Department asks this Court to apply I.R.C. § 2013(c) to preclude the estate's use of the prior transfer credit.

■ While we recognize that the calculation of federal estate taxes affects the Indiana estate tax, we need not interpret I.R.C. § 2013(c) in this context. The alleged violation of I.R.C. § 2013(c) that the Department points out did not catch the eye of the Internal Revenue Service. The IRS sent the estate a letter approving the estate's calculation of its federal estate tax.

In response to the Department's argument, the estate concedes for the first time on appeal that it erroneously calculated the credit for the prior transfer. The estate offers to file an amended federal estate tax return increasing the marital deduction under a provision in Eberbach's Revocable Trust Agreement instead of taking a credit for a prior transfer.

Because this is an issue which the parties did not initially argue before the Tax Court, we remand the case back to the Tax Court for such proceedings as may be necessary with respect to an amended federal estate tax return.

We affirm the Tax Court and remand the cause for further proceedings.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.